## In the Matter of the Petition of John G. Leeds to Vacate an Assessment.

The provisions of the act in reference to sewerage and drainage in the city of Brooklyn (§ 4, chap. 385, Laws of 1859), which authorize the board of water and sewerage commissioners to let the work of constructing a sewer to the lowest bidder, and prohibit them from proceeding with the construction except upon advertisement for proposals, etc., apply only to the contract for the original construction of the sewer, and do not require a second advertisement for bidders in case of non-performance by the contractor. The liability of the contractor and his sureties was

deemed an adequate indemnity against any additional expense in completing the work. (ALLEN, J., dissenting.)

It is incumbent upon a petitioner seeking to reduce an assessment under said act to show that the expense has been increased by some fraud or irregularity.

Accordingly, *held* (ALLEN, J., dissenting), where a contract for constructing a sewer had been let in accordance with said statute, and the contractor, after performing a portion of the work, abandoned the contract, and the work was completed, without advertising or competition, at fair prices, but at an expense considerably exceeding the contract prices; that an application to vacate or reduce the assessment was properly denied; that a failure to readvertise, after such abandonment, is not of itself sufficient to establish that the expense was illegally increased.

(Argued June 10, 1873; decided September 23, 1873.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, affirming an order of Special Term denying motion to reduce an assessment on the lands of petitioner in the city of Brooklyn for the construction of a sewer.

The board of water and sewerage commissioners regularly advertised and let the contract to the lowest bidder for prices amounting to $232,858.45. The successful bidder entered into a contract, and after performing a portion of the work abandoned it. Without further advertisement, and without competition, the board proceeded to complete and did complete the work, making the entire cost $360,068.70. It was proved that the prices paid were the fair market prices for the work.

*N. H. Clement* for the appellant. The contract made after the first one was abandoned being made without advertisement and contrary to the statute, was void. (Laws 1859, chap. 385, § 4; *In re Douglass*, 46 N. Y., 42; *Sharp* v. *Spier*, 4 Hill, 76; *In re Ford*, 6 Lans., 92.)

*Jesse Johnson* for the respondent. The petitioner must show that he has been aggrieved by the assessment before he has a standing in court. (Laws 1858, chap. 574, § 1; *In re McCormick*, 60 Barb., 125; *In re Ford*, 6 Lans., 92.)

CHURCH, Ch. J.   The question is whether the expense of the sewer was unlawfully increased by any fraud or irregularity.   There is no dispute that the original contract was let to the lowest bidder, and in accordance with the terms of the statute.   The contractor, after making some progress with the work, abandoned his contract, and the work was let to and completed by another contractor without advertising or competition, but at a considerable additional expense from the amount of the first contract.   There is no claim of fraud in the case, but it is claimed that the omission to advertise for bidders the second time was an irregularity which unlawfully increased the expense.

The laws of 1859 (chapter 385, section 4), providing for laying out sewer districts in the city of Brooklyn, authorizes commissioners to advertise and let the work to the lowest bidder, and contains the following provision: " The said commissioners shall, in no case, proceed with the construction of any sewer except upon the advertisement for proposals for the construction of the same as herein provided." This provision, I think, applies only to the contract for the original construction of the sewer.   The language of the statute seems to contemplate that, and nothing else. The commissioners are to lay out and arrange the districts, then to advertise for the construction of any part of the work, and then to award the work so advertised to the lowest bidder; and then comes the prohibition above quoted, which does not, in terms at least, extend beyond the letting and advertisement before provided for.   It does not say that no work shall be performed upon sewers unless it is advertised and let to the lowest bidders.   The original contract expressly provides that in case the contractor unnecessarily delays the work, he may be turned off upon four days' notice, and the commissioners may complete the same by contract, or otherwise, and at the expense of the contractor. When the work is performed under this provision, it is not contemplated that it should be advertised, nor required to be let to the lowest bidder.   The contractor is liable for the

excess over his contract price, and his bond may be prosecuted, and if he and his bail are insolvent, the loss is a misfortune which must fall upon the property liable. In theory, they are fully indemnified. In this case the contractor abandoned his contract; notice to quit was unnecessary. He could not object for the want of notice, and I see no reason why he is not liable under the provision of the contract alluded to; but if not, he is liable for the same amount independently of that provision for the non-performance of the contract. The liability of the contractor was deemed an adequate indemnity against any additional expense incurred in completing the work, and if the liability is enforced, the tax-payers will lose nothing. The work may have been left in a dangerous condition, so that the delay of advertising would be injudicious, or the amount of work to be performed might be so small as to render it improper to advertise. As the statute does not in terms require it, and as provision is made to indemnify the tax-payers against loss for increased expense, and we can see that there may be cogent reasons for not requiring a second advertisement, I think the construction indicated is the correct one. The only suggestion against this construction is that it might lead to collusion and fraud, by bidding below the actual value, and thus enabling the officers to relet, without competition, at exorbitant prices. Against such a fraud the statute affords ample redress to the aggrieved party on motion, and also by the indemnity furnished by the liability of the contractor and his bail to make good the damages for non-performance.

But if the construction contended for is adopted, and the failure to advertise for bidders the second time is a legal irregularity, the petition must be denied for the reason that it did not appear that the expense was increased thereby. The statute expressly declares that " the court shall thereby only have authority to reduce the assessment by as much as it has been increased by such fraud or irregularity." It is true that the expense was increased beyond the original contract price, but there are no facts in the case from which it

can be inferred that the increase was in consequence of the omission to advertise; on the contrary, it was not disputed that the second contract was let and the work done at fair prices. How can we infer that advertising for bidders would have insured the completion of the work at less than fair prices? The presumption is that it would not. It is incumbent upon the petitioner to show that the expense has been increased by some fraud or irregularity before he is entitled to a reduction of his assessment. He failed to prove this not only, but facts were shown from which a contrary presumption arises. The case as presented is that the original contractor took the work at less than fair prices, and, therefore, abandoned it, and the commissioners proceeded and completed it at fair prices. The increased expense was in consequence of the non-performance of the original contract, and not of any irregularity. The city authorities were not in fault, and the obligation of the contractor, if of any value, would inure to the benefit of the persons assessed.

There is no ground for reducing the assessment of the petitioner, and the order must be affirmed.

All concur, except Allen, J, dissenting.

Order affirmed.