HERMISTON *et al.* v. GREEN *et al.*

1. Where a person signs a contract of sale, and there is nothing in the contract to support his claim that he signed it only as a witness, the burden is on him to prove such fact when sued thereon as a principal.
    Vol. 11. S. D.—6

2. It was not error, where the complaint on a contract charged defendant as a principal, which was denied by him, to permit evidence to prove that he was interested with the other principal in the transaction.

3. The refusal to strike out parts of the answers to one's own questions in a deposition as being hearsay, and not responsive, is not reversible error, where the same evidence was elicited by the same party by questions in other parts of the deposition.

4. A complaint against a party to a contract on the theory that he was a principal obligor, and evidence and a finding that he was only a surety, does not constitute a material variance, especially where there was no motion to compel the complaint to be amended, as provided by Comp. Laws, Section 4934.

(Opinion filed June 14, 1898.)

Appeal from circuit court, Brookings county, Hon. J. O. ANDREWS, Judge.

Action by John Hermiston and another, as Hermiston Bros. against M. D. Green and John Jamison to recover the balance due on a contract. From a judgment for plaintiffs, defendant Green appeals. Affirmed.

The facts are fully stated in the opinion.

*Alexander & Hooker* for appellant.

*Cheever & Hall* for respondents.

HANEY, J. This action is founded upon the following written contract: "This memorandum of agreement by and between Hermiston Bros., party of the first part, and John Jamison, party of the second part, witnesseth: Second party sells to first party the N. E. ¼ Sec. 12, town 111, range 48, for $2,140, payments as follows: One stallion [and several other specifically described animals]. And first party to assume mortgage of $650 payable three years from date of transfer,

interest 8 per cent.   Second party agrees to furnish warranty
deed showing perfect title within 60 days from date, and agrees
to pay $1,440 for stock delivered at Lake Park, Iowa, in
case of failure to furnish perfect title.   This contract subject
to approval of owner of land.   Witness our hands this 16th
day of Febry., 1893.   [Signed]   John Jamison, M. D. Green.
Hermiston Bros.''   When the contract was made the land men-
tioned therein was owned by a corportion in Iowa which had
or soon after made an arrangement with Jamison to convey it
to any purchaser he might procure for $1,300; one-half cash
and balance secured by mortgage on the property.   The owner
has been at all times willing and ready to convey upon the
terms stated.   Plaintiffs delivered or disposed of all the ani
mals mentioned in the contract in a manner acceptable to Jami-
son, and executed notes and mortgage on the land for $650,
which were acceptable to the owner thereof.   Subsequently
plaintiffs received from Jamison a part of the animals at the
agreed price of $150, and the proceeds of certain animals sold
under his direction aggregating $360, for which credit was
given on the amount due for all the animals, leaving an unpaid
balance of $1,080.   Jamison failed to furnish title to the land
within 60 days after date of contract, and this action was
brought to recover the balance due for the personal property
described in the contract.   Jamison made default.   Green an-
swered, admitting that he signed the contract, but alleging
that he signed as a witness, with plaintiff's knowledge and con-
sent, and denying that he received any of the personal proper-
ty or was in any manner interested in the contract.   It is not
alleged, nor was there any evidence to prove, that plaintiffs
and Jamison ever modified or rescinded the contract.   There-

fore the only material inquiry presented by the pleadings and uncontradicted evidence is the capacity in which Green signed the contract. The jury found generally in favor of plaintiffs against both defendants, and specially that Green signed the contract as surety. Green alone appeals.

The apparent conflict between the agreement to pay for the stock in case of failure to furnish perfect title, and the stipulation that the contract should be subject to approval of the owner of the land, is explained by the fact that Jamison and Green feared the owner might not carry out the arrangement heretofore mentioned to convey for $1,300, half cash and balance secured by mortgage on the property, and the written contract cannot be construed as requiring that the owner should approve of the payment by plaintiffs in personal property, as provided therein. There is nothing in the written contract to indicate that Green signed as a witness, and the court properly charged the jury that the burden was on him to show that he so signed it.. The finding that he signed as a surety is abundantly sustained by the evidence.

In view of the pleadings and uncontradicted evidence, the value of the animals sold by plaintiffs was immaterial, and the court properly excluded all evidence on that subject.

There was no error in allowing plaintiffs to offer evidence tending to prove that Green was interested with Jamison in the transaction, because it was alleged in the complaint, and denied in the answer, that they made the contract as principals, received the personal property of plaintiffs, and were jointly interested in the deal.

In the cross-examination of the officers of the corporation owning the land, there are certain answers which, standing

alone, are hearsay, and not responsive; but the refusal of the court to exclude them was not reversible error, because substantially the same evidence was elicited by Green's cross-examination of the same witnesses in other parts of their depositions.

It is the theory of the complaint that Green signed the contract as a principal obligor. He alleged that he signed as a witness. The evidence clearly proved, and the jury found, that he signed as a surety, and no facts were alleged or proved which exonerate him from liability as such. Should this variance from the pleadings and proof be deemed material? We think not. No variance between the allegations in a pleading and the proof should be deemed material, unless it has actually so misled the adverse party to his prejudice, in maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been misled, the fact shall be proved to the satisfaction of the court, and in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as shall be just. Comp. Laws, § 4934. The record discloses no suggestion to the court below that defendant was misled by any variance between the proof and the allegations of the complaint. The charge of the court being more favorable to defendant than the case required, he has no cause of complaint in that regard. Finding no reversible error, the judgment of the circuit court is affirmed.