## CITY OF MILBANK v. WESTERN SURETY CO.

Where a municipal sewer contract was let to D., who at the time was doing business under the name "Siuox Falls Construction Company," a bond securing the construction company's performance of the contract was enforceable by the city for D.'s default.

Where a statute requiring contracts for municipal improvements to be approved by the city attorney did not provide that the contract should be void for want of such approval, the requirement should be regarded as directory only, and hence a complaint on a municipal contractor's bond, failing to allege such approval, was not fatally defective, but was amendable on the trial to conform to proof showing

that the city attorney did in fact approve the form of the contract.

Where a complaint on a municipal contractor's bond alleged that the city was proceeding to construct a sewer system, and defendant thereafter contracted with the city as the contractor's surety for the work, it would be presumed that defendant had full knowledge of all the facts concerning such proceedings, and was therefore estopped from denying that the city was proceeding regularly in advertising for bids for constructing the plant.

Where defendant became surety on a municipal contractor's bond for the performance of a sewer contract, defendant was severally as well as jointly liable, and was therefore not entitled to object that the contractor was not served in an action on the bond.

A statute requiring the city council to advertise for bids for public improvements, and to let the work to the lowest responsible bidder, does not require the city, on a contractor's abandonment, of the contract, to readvertise for bids for completing the work; the city being entitled to complete the work and charge the difference in cost against the contractor's surety.

After bids for a municipal contract had been opened, and D, was found to be the lowest bidder, he was permitted to show that he was mistaken in a part of his bid, whereupon he was allowed to add $1,000 thereto, and the bid was then accepted. **Held,** that such proceedings did not invalidate the contract; the bid as raised being less than that of the next lowest bidder.

After a bid for a municipal contract had been received, and $1,000 added thereto, a yea and nay vote on the letting of the contract was properly taken, and the contract awarded on such bid. It appeared from the record that, after reciting the proceedings on a previous day in regard to letting the contract, a resolution was adopted that the bid of D. be accepted as submitted to the council, and $1,000 added thereto for the construction of the improvement, and that five members of the council were present, and that they voted in favor of the resolution. **Held,** that such record showed a substantial compliance with Rev. Pol. Code, § 1209, requiring a yea and nay vote to be taken and an entry made in the records of the board.

(Opinion filed, April 2, 1907.)

Appeal from Circuit Court, Grant County. Hon. JAMES H. McCoy, Judge.

Action by the City of Milbank against the Western Surety Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Joe Kirby,* for appellant.

A surety cannot be held beyond the express terms of his contract. Rev. Civil Code, Sec. 1995; Cal. Civil Code, Sec. 2836; Leg-

gett v. Humphreys, 21 How. (U. S.) 66; U. S. v. Cheeseman, 3 Sawyer 429; The city records failing to show an affirmative yea and nay vote on letting the contract made the basis of this action, it is a nullity. Pol. Code, Sections 1209, 1341, 1344, and 1352; Shattuck v. Smith, 69 N. W. 11; Pickton v. City of Fargo, 88 N. W. 90; O'Neil v. Tyler, 53 N. W. 436; Tracy v. People, 6 Colo. 151; Sullivan v. City of Leadville, 18 Pac. 736; Steckert v. City of East Saganaw, 22 Mich. 104; Spangler v. Jacoby, 14 Ill. 297; Town of Olin v. Myers, 7 N. W. 509; Campbell v. City of Cincinnati, 31 N. E. 608. The evidence, affirmatively shows that without readvertising for bids, the city council let the contract in question for $1,000 more than the bid of McDonald, as opened. This rendered the contract void. Rev. Pol. Code, Sections 1343, 1344 and 1358; Brady v. Mayor, 16 How. Pr. 432 (affirmed 20 N. Y. 312); Beaver & Butt v. Trustees & Co., 19 Ohio St. 97; People ex rel Coughlin v. Gleason, 25 N. E. 4; Frame v. Felix, 31 At. 375; Mayor v. Keyser, 19 At. 706; State ex rel Shaw v. City of Trenton, 12 At. 902; State ex rel McDermott v. Board etc., 28 At. 424; McCracken v. City of San Francisco, 16 Cal. 619-20; Zottman v. San Francisco, 20 Cal. 96; State ex rel Lambert v. Coad, 57 Pac. 1095; State ex rel Clarke v. Board Co. Com. 9 N. W. 691; Twiss v. Port Huron, 30 N. W. 177; City of Detroit v. Mich. Paving Co., 36 Mich. 335; M'Brien v. City of Grand Rapids, 22 N. W. 206; Ely v. City of Grand Rapids, 47 N. W. 447; Douglas Co. v. Keller, 62 N. W. 61; Watterson v. Mayor etc., 61 S. W. 872; 1 Abbott Municipal Corporations, Sec. 262; People ex rel v. Coler, 54 N. Y., Supp. 785; Wilson v. Gabler, 11 S. D. 206.

*George S. Rix, Thad L. Fuller* and *Thos. L. Bouck*, for respondent.

It is not error where the complaint on a contract charged defendant as a principal, which was denied by him, to permit the evidence to prove that he was interested with the other principal in the transaction. A complaint against a party to a contract on the theory that he was a principal obligor, and evidence and a finding that he was only a surety, does not constitute a material variance, especially where there was no motion to compel the complaint to

be amended.  Comp. Laws, Section 4934; Hermiston v. Green, 11 S. D. 81; American Surety Co. v. Pauly, 170 U. S. 131.  The presumption is that public officers do as the law and their duty requires them.  Where an act is done by a public functionary in the discharge of official duty, which can be done only after the performance of some prior act, proof of the latter carries with it a presumption of the due performance of the prior act, and this though the prior act is required of the corporation of which he is an officer.  Pine Tree Lumber Co. v. City of Fargo, 96 N. W. 357. Unless the statute requires that the record shall be the only evidence of municipal acts, parol evidence is admissible as to matters of which no record is made, or to supplement a defective record. Morgan v. Wilfley, 71 Iowa 212; Athern v. Millersburg, 33 Iowa 105; Rock Creek Tp. v. Codington, 42 Ka. 649; School Dist. No. 1 v. Union School Dist., 81 Michigan 339; Austin v. Allen, 6 Wis. 134; Sullivan v. City of Leadville, 11 Col. 436.  The taking of yeas and nays, by a city council is directory and not mandatory. Striker v. Kelly, 7 Hill. (N. Y.) 29; Elmendorf v. City of New York, 25 Wend. 693; City of St. Louis v. Foster, 52 Mo. 513.  The minutes of a preceding meeting of the city council may be corrected at the next succeeding meeting in order to show the yeas and nays in compliance with the statute.  1 Smith on Mun. Corp., Sec. 313; Bucker v. City of Henderson, 100 Ky. 450, 38 S. W. 857. Where the law required the city council to let the work of constructing sewers to the lowest bidder, and prohibited them from proceeding with the construction without advertising, a second advertisement is not necessary when a contractor abandoned the work. In the matter of John G. Leeds, 53 N. Y. 400; Ross v. Stackenhouse, 16 N. E. 501; Keough v. City of St. Paul, 68 N. W. 843; In re McCain, 9 S. D. 57.

CORSON, J.  The plaintiff, the city of Milbank, instituted this action against the defendants to recover on the bond executed by them the amount of loss sustained by the plaintiff by reason of the defendant McDonald's failure to carry out his contract to construct a system of sewerage in that city.  A directed verdict and judgment being in favor of the plaintiff, the defendant, the Western Surety Company, has appealed.

A large number of errors are assigned on the part of appellant, but the grounds upon which a reversal is claimed are grouped and summarized by counsel for appellant in his brief, and thus stated by him:   (1) The bond declared on was given to secure the performance of a contract made by a corporation, namely, the Sioux Falls Construction Company, whereas plaintiff is endeavoring to hold us for the default of one A. D. McDonald; (2) the complaint failed to allege that the form of the contract for constructing the sewer was approved by the city attorney; (3) there is no allegation in the complaint that any preliminary measures such as are required by statute before installing a sewerage system were complied with; (4) because neither A. D. McDonald, nor the Sioux Falls Construction Company, although principals, was served with summons nor made parties to this action, nor is any reason shown for such failure; (5) because the city records fail to disclose that an affirmative vote was taken by the city council upon letting the contract for the performance of which, the bond in suit was executed; (6) because the evidence affirmatively shows that, without readvertising for bids, the city council let the contract in question for $1,000 more than the bid made by McDonald and that the same was therefore illegal and void; and (7) the testimony fails to sustain the complaint in its entire scope and meaning.

It is disclosed by the record that the city of Milbank, in the summer of 1904, undertook the construction of a sewerage system, and that the contract for the same was let to one A. D. McDonald. To secure the performance of the contract of the said McDonald the appellant executed a bond with the Sioux Falls Construction Company in the sum of $7,000 for the faithful execution of such contract. The contract was let to McDonald, as the lowest bidder, for the sum of $11,276.35; but before the said contract was executed McDonald, claiming that he had made a mistake in his bid was awarded a further sum of $1,000, without any new advertisement for bids having been made. McDonald entered upon the performance of the contract and, after completing about 500 feet of the main sewer, he abandoned the same, giving the city notice that he would proceed no further. Thereupon the city notified the appellant company of such default within the time specified in the bond,

and thereafter proceeded to construct the sewerage system without making any new contract and completing the same at the extra expense of about $1,700, over and above the contract price agreed upon with McDonald. Demand having been made by the plaintiff upon the appellant for the extra amount so expended, over and above the amount specified in the McDonald contract, and the appellant failing to pay such sum, this action was instituted to recover the same. On the trial of the action the defendant objected to the introduction of any evidence on the part of the plaintiff on the ground that the complaint did not state facts sufficient to constitute a cause of action. The objection was overruled by the court, and plaintiff's evidence admitted to which ruling the appellant duly excepted.

It is contended by the apellant that the complaint is insufficient, for the reason that it is sought to hold the appellant responsible for the acts of A. D. McDonald, whereas in the bond it became surety only for the Sioux Falls Construction Company; but it is alleged in the complaint "that at the times hereinafter mentioned the defendant A. D. McDonald, was doing business, and executed the contract hereinafter mentioned under the name and style of the Sioux Falls Construction Company." This we think was clearly sufficient as showing that, while the bond was nominally executed by the Sioux Falls Construction Company, the same was in effect executed by A. D. McDonald, and that appellant may properly be held as having entered into the bond as surety with the said McDonald as principal. Herminston v. Green, 11 S. D. 31, 75 N. W. 819. It is further contended by the appellant that the failure to allege in the complaint that the form of the contract was approved by the city attorney rendered the contract void; but the complaint seems to have been amended on the trial to correspond with the proof that the city attorney did in fact approve the form of the contract. This evidence, we are of the opinion, was admissible, as the requirement of the statute that the contract shall be approved by the city attorney does not provide that the contract should be void in case such approval is not indorsed thereon, and the provision may be regarded as directory, and not mandatory. It is further contended that the complaint was insufficient, for the

reason that it failed to allege that the city had taken the preliminary steps required by the statute for installing the sewer plant, or constructing the same. But the fact being alleged that it was proceeding to construct such a system was sufficient, and the appellant having contracted with the city, as such surety, must be presumed to have done so with full knowledge of all the facts contained in the records of the city, and is estopped from denying that it was proceeding regularly in advertising for bids for constructing the plant. It is further contended that the complaint was insufficient, for the reason that the Sioux Falls Construction Company and A. D. McDonald were not served with process; but such failure did not affect the appellant who was severally as well as jointly liable on his contract with the other defendant named.

On a motion made by the appellant to direct a verdict in its favor, it was further claimed that the evidence was insufficient to entitle the plaintiff to recover, for the reason that it did not appear by the records of such council that the contract was ordered to be executed by an affirmative vote of a majority of the council; and also that the evidence affirmatively shows that said council without readvertising added $1,000 to the price bid by the said McDonald, and also completed said contract without letting any new contract or advertising for bids therefor. The last contention was very fully discussed by the Court of Appeals of New York in the case of In the Matter of the Petition of John G. Leeds to Vacate an Assessment, 53 N. Y. 400, in which that learned court held that the requirement of the charter of the city of Brooklyn, that contracts should be let to the lowest bidder, after due advertisement, was not applicable to a contract that had been abandoned, and in such a case the city might proceed to complete the work without further advertising. The court in its opinion, speaking by Chief Justice Church, says: "The laws of 1859 * * * providing for laying out sewer districts in the city of Brooklyn, authorizes commissioners to advertise and let the work to the lowest bidder and contains the following provision: The said commissioners shall, in no case, proceed with the construction of any sewer except upon the advertisement for proposals for the construction of the same as herein provided. This provision, I think, applies only to the contract for

the original construction of the sewer. The language of the statute seems to contemplate that, and nothing else. The commissioners are to lay out and arrange the districts, then to advertise for the construction of any part of the work, and then to award the work so advertised to the lowest bidder; and then comes the prohibition above quoted, which does not, in terms at least, extend beyond the letting and advertisement before provided for. It does not say that no work shall be performed upon sewers unless it is advertised and let to the lowest bidders." The conslusion reached by that court fully meets with our approval, and we are of the opinion that the plaintiff was justified in proceeding to complete the work so abandoned by the contractor without any further advertising for bids therefor. In contemplation of law the bond executed by the contractor with sureties will protect the taxpayers against the increased cost of construction caused by the abandonment of the contract by the contractor, and there seems to be no necessity for readvertising for the benefit of the surety. It is disclosed by the record that, after the bids had been opened, and McDonald was found to be the lowest bidder, he was permitted to come before the board and show that he was mistaken in a certain part of his bid, and the council thereupon allowed him $1,000 extra, in addition to the amount bid, and that sum was included in the contract. It is contended by the appellant that this action of the board rendered the contract void; but, in view of the fact that after the addition of this $1,000, the bid was still some $700 less than the next lowest bidder, we are inclined to the opinion that the proceeding though somewhat irregular, did not render the contract void. It is contended by the appellant that the failure of the auditor to enter the yeas and nays on the passage of the resolution, authorizing the mayor and auditor to execute the contract with the said McDonald, rendered the contract void. We are of the opinion that this contention is untenable, for the reason that it does affirmatively appear from the record that after the bid was received, and $1,000 added thereto by the council, that there was a yea and nay vote properly recorded, awarding the contract to said McDonald on September 2, 1904. It appears from said record that, after reciting the proceedings of the preceding day in regard to the letting of said contract, and also the proceedings on

the second of September, the following resolution was adopted by the council: "Resolve that the bid of said McDonald be accepted as submitted to the council with $1,000 added hereto for the construction of the main sewer above mentioned," from which it appears that the five members of the council present, whose names are given, voted in favor of the resolution. This, we think, constitutes a sufficient compliance with the provisions of section 1209, Rev. Pol. Code. The provisions of that section, requiring a yea and nay vote to be taken, and an entry made in the records of the board, are undoubtedly mandatory, and must be substantially complied with. Pickton v. City of Fargo, 10 N. D. 469, 88 N. W. 90. But, as before stated, the record of the proceedings of the two days, read in connection, shows a substantial compliance with the provisions of the law.

We are of the opinion that the court was right in directing a verdict in favor of the plaintiff, and in denying appellant's motion for a direction of the verdict in appellant's favor.

The verdict and judgment are affirmed.

FULLER, P. J., taking no part in this decision.