CITY OF PARIS v. E. F. & E. C. BRAY.

No. 2399.   Decided April 14, 1915.

1.—Pleading—Exhibits.

Only such written instruments may properly be made a part of a pleading by reference and attaching the originals or copies as constitute, in whole or in part, the cause of action sued on or the matter pleaded in defense. Those attached, but designed to be used only as evidence constitute no part of it. (Rule 19 for District Courts.)   (P. 192.)

**2.—Same—City—Paving Assessment—Notice.**

A city suing to recover street paving assessments from a property owner alleged that due notice of the proposed improvement and assessment was given defendant, with opportunity to present objections, in accordance with the requirements of its charter. It attached as an exhibit a copy of such published notice; but this showed as the person notified, not the name of the owner, a married woman, but that of her husband. Held, that the notice did not constitute the cause of action sued on, or a part of it; was improperly attached as an exhibit; could not be considered a part of the petition; and that the general allegations as to the giving of notice as required were good against a general demurrer. (Pp. 191, 192.)

**3.—City—Street Paving Assessment—Inviting Public Bids.**

A city required by its charter to let contracts for street paving by inviting public bids, having complied with its charter with respect to all preliminaries, including an engineer's estimate of the cost of the work, on the basis of which it was authorized to assess cost of the improvement against owners of abutting property, and having let the contract to the best bidder as required, assessed against defendant her proportion of the cost. The contractor failed to complete the work, and the city, having settled with him, itself finished the work without calling for bids or letting the contract anew. In an action by the city to enforce the assessment against defendant's property, it is held: that it was not required to relet the contract for completion in order to recover; the city having done all required of it as a preliminary to assessing against defendant her proportion of the cost as then ascertained, defendant became liable for the assessment irrespective of any question as to the city's authority to complete the work on the contractor's failure. (Pp. 192, 193.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Lamar County.

The city sued Bray and wife and appealed from a judgment for defendant. On affirmance, it obtained writ of error from the Supreme Court.

*Wright & Patrick,* for plaintiff in error.—The Court of Civil Appeals erred in holding that "the judgment of the lower court dismissing this case must be sustained upon an error appearing of record as fundamental against any recovery against E. C. Bray, and that it affirmatively appears, from the facts alleged in the petition, that Mrs. E. C. Bray had no notice of the assessment, and it would for that reason be void." Rule 19 of District Court; 31 Cyc., 565-561-562-564; Port Huron Engine & Thrasher Co. v. McGregor, 131 S. W., 398; Shotwell v. McCardell, 19 Texas Civ. App., 174, 47 S. W., 39; Burks v. Watson, 48 Texas, 115; Shultz v. Herndon, 32 Texas, 390; Stolte v. Herndon, 32 Texas, 393; City of Austin v. Nalle, 102 Texas, 536; City of San Antonio v. Grandjean, 91 Texas, 430; Mansfield v. Garrison, 48 S. W., 554; 21 Cyc., 1422-3; 29 Cyc., 1125.

The provisions of the charter and the general improvement ordinance of the city providing that no contract for street improvements shall be made except after public advertisement for competitive bids only apply when such work is to be done by contract and then only to the original contract, and did not prohibit the city from taking charge of the work under the original contract and completing same in accordance with

original contract and specifications, where contract was abandoned by contractor; and amended petition showed compliance with said provisions as to the original contract, and the completion of the contract by the city did not invalidate the assessment against appellees. In re Leeds, 53 N. Y., 400; City of Milbank v. Western Surety Co. (S. D.), 111 N. W., 561; McChesney v. City of Syracuse, 75 Hun, 503, 22 N. Y. Supp., 507; Bass F. & M. Works v. Parke, 115 Ind., 234, 17 N. E., 593; Brevoort v. City of Detroit, 24 Mich., 322; Perry v. City of Los Angeles, 106 Pac., 410; Home Building Co. v. City of Roanoke (Va.), 27 L. R. A., 551.

*Burdett & Connor*, for defendants in error.—By the charter of the City of Paris the letting of a contract for any street improvement after public advertisement for bids, said contract to be let to the lowest responsible bidder, is made a condition precedent to the exercise of any power or authority by the City Council to levy any part of the cost of such improvement against the owners of property abutting on such street or against the property itself. Flewellin v. Proetzel, 80 Texas, 195; Ardrey v. City of Dallas, 13 Texas Civ. App., 442, 35 S. W., 730-731; Connor v. Paris, 87 Texas, 36; El Paso v. Mundy, 85 Texas, 318-319; Frosh v. Galveston, 73 Texas, 409; Breath v. Galveston, 92 Texas, 457; Page and Jones on Taxation by Assessment, secs. 222, 223 and 229.

Under the terms of the charter and the general improvement ordinance after the cancellation of the contract with Henderson & Fulwider the city council had no power or jurisdiction to levy or collect any assessment against any property fronting on South Main Street or against the owners thereof for any part of the cost of the construction of any improvement made on said street unless, and until, bids had been advertised for for same and a bid had been accepted and an ordinance levying said assessment had been passed after the acceptance of said bid and in accordance with the amount thereof. Same authorities.

No notice to E. C. Bray of the time and place of hearing is shown in the petition. Hence the pretended assessment alleged in the petition is void. Hutcheson v. Storrie, 92 Texas, 685; Page and Jones on Taxation by Assessment, secs. 726, 729, 731, 735, 738; Barber Asphalt Paving Co. v. Ridge, 169 Mo., 376, 68 S. W., 1043 (Supt. Ct. Mo.); Hinckley v. Bishop, 114 N. W., 676.

Mr. Justice PHILLIPS delivered the opinion of the court.

The suit was instituted by the City of Paris to recover the amount of a paving assessment, together with reasonable attorneys' fees, for paving done in front of property of E. C. Bray (E. F. Bray being her husband) situated on a certain street in the city, and for foreclosure of a lien against the propery. A special demurrer to the city's petition was sustained in the trial court, and the case dismissed. On the city's appeal the honorable Court of Civil Appeals for the Sixth District held that the trial court erroneously sustained the special demurrer, but af-

firmed the judgment upon what it considered a fundamental error disclosed upon the city's petition.

As essential to the validity of such an assessment the special charter of the city provides that any person interested in any property claimed to be subject to the assessment shall be entitled to a full and fair hearing before the city council on all matters affecting the property or any claim of personal liability, and the council is required to make rules providing an opportunity for such a hearing before the assessment is levied or finally determined upon; notice of the hearing to be given personally or by publication in a daily newspaper of general circulation in the city for not less than ten successive days. Under the charter there is in force in the city a general improvement ordinance upon the subject of the paving of the city streets. It provides that when such an improvement is contemplated a resolution shall first be passed by the city council, designating the street, or portion thereof to be paved, the general character of the pavement and directing the city engineer to submit a report at its next meeting of its estimated cost, accompanied by plans and specifications, with a list of the property owners whose property on the street will be affected and the estimated cost of the improvement in front of each piece of abutting property, etc. If upon the amendment or adoption of this report, the council shall decide to make the improvement, it shall instruct the city secretary to cause a notice to be published in the official paper of the city for ten days, reciting the passage of the resolution; the general nature of the improvement; its total estimated cost; the name of each owner of property abutting on the street, referring to the plans and specifications on file for the ascertainment of the dimensions of his property and the estimated cost to him, which shall be one-third of the cost of the improvement in front of his property; the estimated total cost to the city; and the date and time for property owners to present their objections to the improvement, etc.

The petition of the city alleged the adoption by the council on January 14, 1907, of such a resolution as is provided for by the general improvement ordinance, with respect to the paving of a portion of a street in the city upon which the property of Mrs. Bray abutted; the later submission of the engineer's report, and its subsequent adoption; and the direction given by the council to the secretary to give notice of its action to the property owners and the date appointed for a hearing before the council on their behalf, by publication for ten successive days in the Paris Morning News. It alleged that the publication of such notice was duly made, and that it notified all property owners that the hearing provided for would be had on March 25, 1907; and likewise recited that Mrs. Bray and her husband were property owners on the street proposed to be paved. It declared that a copy of the notice was attached to the petition marked Exhibit "D." In the purported copy attached, the name of Mrs. Bray did not appear in the list of property owners given, though the name of E. F. Bray was recited. The honorable Court of Civil Appeals held that it accordingly affirmatively appeared from the petition

that Mrs. Bray had no notice of the assessment, which would render it void as to her.

In respect to the averment of notice given by the city to Mrs. Bray of the proposed assessment, the petition, itself, was sufficient on general demurrer. Having alleged, in substance, that due notice to all property owners affected, of the action of the city council in relation to the proposed improvement and assessment was given by a publication for a stated period in a designated newspaper, reciting such action, and that Mrs. Bray was one of such property owners, the effect of the petition was that notice of the proposed assessment was duly given her through that medium. The purported copy of the published notice was in a sense inconsistent with the allegation, in that Mrs. Bray's name was omitted from the list of those stated in the notice as constituting the owners of property abutting on the street.

Only such written instruments may properly be made a part of a pleading by reference and attaching the originals or copies, as constitute, in whole or in part, the cause of action sued on, or the matter pleaded in defense. Those attached but designed to be used only as evidence in support of some allegation, the court will, upon its own motion, detach from the pleading and adjudge as constituting no part of it. Rule 19 for District Courts. An assessment of this nature is invalid unless the owner of the property affected by it is given notice and an opportunity to be heard before it is imposed against him. But the notice is not a written instrument forming in any part the basis of the cause of action for the enforcement of the assessment. The cause of action in such a case is constituted by the debt and lien. It is not one founded in whole or in part upon any written instrument, but has its origin in the provisions of law governing the levy of the assessment, and proceeds from their due execution and observance by the city authorities. The notice here was one of the requirements of the law, but any document used for that purpose was no more a written instrument constituting a foundation for the cause of action, than were the charter provisions and ordinances of the city relating to such assessments, and which embodied that requirement as a part of the procedure essential to a valid levy. The exhibit was therefore an unauthorized one, and under the established rule could not be considered in testing the sufficiency of the pleading.

We think the holding of the Court of Civil Appeals upon the other question discussed in its opinion was correct. The charter of the city provides that no contract for street improvements of this nature shall be made except after public advertisement for competitive bids for the work. And by the general improvement ordinance it is required that the council, if after consideration of the objections of property owners of the opinion that the improvement should be made, shall direct the mayor to advertise for competitive bids for its construction in accordance with the plans and specifications of the engineer. The petition alleged that a hearing of the objections urged by property owners was had, and that they were overruled; that thereupon the mayor and secretary

were by resolution authorized to advertise for bids for the work, which was done; that bids were received, and that of a certain firm of contractors was declared by the council to be the lowest and best bid; that a special ordinance providing the particular improvement and levying against the abutting property owners their proportionate assessments, was then duly passed; that thereafter the contract with the contractors was authorized and executed; that they performed a part of the work, but failed to continue it, and upon the repudiation of their bond by their surety, the city made full settlement with them for the work performed, and, under the terms of the contract, took over the work and completed it in accordance with the contract.

The substance of the exception urged by the defendants and sustained by the trial court, was that the effect of the city's action in completing the improvement, after the contractors failed to prosecute it, without a re-advertisement for further bids for the unfinished construction and the letting of another contract, was to vitiate the assessment. It appears from the petition that the assessment was made upon the basis of cost fixed by what the council deemed the lowest and best bid for the work and the contract entered into by the city on the award under that bid, the entire cost of the work to the abutting property owners being in no way affected by the city's action in finishing the improvement after the failure of the contractors to perform their contract. The property owners acquired the full benefit of competitive bids in the determination of the amount of the assessment made against them. The requirement of the general ordinance in that respect was therefore fully met, and it was not necessary for the city to readvertise for further bids and let another contract upon the default of the contractors. That might have entailed a complete readjustment of the entire plan for the improvement, including alteration of the assessment and other consequences of like nature clearly not within the contemplation of either the charter or the ordinance, because manifestly not provided against. The provision in the general ordinance with reference to inviting bids and the contract for the improvement applies, in our opinion, only to the original contract for the construction, and does not necessitate a second advertisement for bids and another contract where in the progress of the work there develops such a condition as the petition here reveals. In re John G. Leeds, 53 N. Y., 400; City of Milbank v. Western Surety Company, 21 S. D., 261, 111 N. W., 561.

The judgments of the District Court and the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*