**SOUTHWEST STONE CO. v. RAILROAD COMMISSION et al.**

**No. 9398.**

Court of Civil Appeals of Texas. Austin.

July 7, 1943.

Rehearing Denied July 28, 1943.

Leffingwell, Currie, & Davis, of Dallas, for appellant.

Harry R. Jones, and Andrews, Kelly, Kurth, & Campbell, all of Houston, for appellees M., K. & T. R. Co. and Guy A. Thompson, trustee.

Gerald C. Mann, Atty. Gen., Cecil C. Rotsch, Asst. Atty. Gen., and Cecil C. Cammack, Asst. Atty. Gen., for appellee Railroad Commission.

Butler & Binion, George W. Rice and Frank J. Knapp, all of Houston, amici curiae.

BLAIR, Justice.

Appellant, Southwest Stone Company, sued appellee, Railroad Commission, to set aside its order fixing the carload freight rates on crushed limestone moving from several Texas points to Houston, Texas. It alleged that the rate order resulted in lessening the competitive position of appellant in crushed limestone, and was therefore unreasonable and discriminatory as to it. The two special exceptions of the Commission and the motion to dismiss the suit by interveners, Missouri-Kansas-Texas Railroad Company and Guy A. Thompson, trustee for International-Great Northern Railroad Company, were sustained upon the ground that the pleadings did not allege any fact showing that the rate order was unreasonable and discriminatory to appellant.

We sustain the action of the trial court.

The rate order was attached to and made a part of the pleadings for all purposes, and the facts alleged by appellant are, in substance, as follows:

Appellant is engaged in the production of crushed limestone at Lone Star Spur, Texas, and has a competitor at Ogden, Texas. In 1940 the Commission prescribed a general mileage rate for all crushed stone, fixing the rate from Ogden to Houston at $1.17 per ton, and from Lone Star Spur to Houston at $1.60 per ton, the difference being in the mileage from the points of shipment only.

The Sheffield Steel Corporation is the owner of a steel plant at Houston, Texas, and at the solicitation of the Federal Government is constructing a blast furnace there for the production of steel, which requires about 500 tons of crushed limestone daily for fluxing purposes. The closest supply of limestone is at Ogden, or at the so-called "Dittlinger group" (Dittlinger, Ogden and New Braunfels), each being about the same distance from Houston, and from which the general rate was $1.17 per ton. Sheffield sought, and intervener railroads applied to the Commission for, a group rate of 72 cents per ton, limited to crushed limestone to be used for fluxing purposes, representing a reduction of 45 cents per ton from the Dittlinger group. The Commission found that the rate of 72 cents per ton is the highest rate Sheffield can economically pay for transportation of limestone for fluxing purposes, which finding is not questioned.

The Commission, after an extensive hearing and upon facts recited in the order, granted the requested 45-cent per ton reduction from the Dittlinger group, and by the same order reduced the rate from Lone Star Spur 45 cents per ton, or from $1.60 per ton to $1.15 per ton on crushed limestone only, the rates on all other crushed stone remaining the same as under the normal or general rates.

Appellant alleged that the normal or general rates established a proper relationship between the two competitors, and were therefore reasonable and nondiscriminatory; and the effect of the rate order com-

plained of was to destroy the previously existing relationship as established by the normal or general rates and to render appellant's competitive position less favorable; and that the rate order was therefore unreasonable and discriminatory as to it.

■ The gravamen of appellant's complaint as set out in its pleadings and the rate order attached as a part thereof, seem to be that having once determined and fixed the rates which established the competitive relationship between Ogden and Lone Star Spur, the Commission could not thereafter make a reduction of the two related but unequal rates by the same number of cents per ton; but that the Commission was required to reduce the rate on a percentage basis or formula. This point may be better illustrated by what the pleadings and rate order attached thereto show that the Commission actually did and what under appellant's theory of the case it should have done, as follows:

What the Commission actually did:

|  | Prior Rate | New Rate | Reduction |
|---|---|---|---|
| Lone Star Spur to Houston............. | $1.60 | $1.15 | $ .45 |
| Dittlinger Group (Ogden) to Houston.... | 1.17 | .72 | .45 |
| Difference between Ogden and Lone Star Spur .............................. | .43 | .43 | 0.00 |

Appellant's rate theory as plead:

|  | Prior Rate | Appellant's Rate Theory | Reduction |
|---|---|---|---|
| Lone Star Spur to Houston............. | $1.60 | $ .96 | $ .64 |
| Dittlinger Group (Ogden) to Houston..... | 1.17 | .72 | .45 |
| Difference between Ogden and Lone Star Spur .............................. | .43 | .24 | .19 |

Thus it is shown that appellant is not seeking to retain the same relationship as existed under the general rates, but is seeking a 19 cents per ton greater reduction than was awarded to Ogden, or the Dittlinger group. The general rate from Ogden (194 miles shortest route to Houston) was $1.17 per ton. The general rate from Lone Star Spur (329.9 miles to Houston) was $1.60 per ton. This is a difference of 43 cents per ton which Lone Star Spur has to absorb in order to compete in the sale of limestone in Houston, due solely to its greater distance from Houston. The order complained of merely reduced the rate on limestone from Ogden to Houston from $1.17 per ton to 72 cents per ton, a reduction of 45 cents per ton. The rate from Lone Star Spur to Houston was reduced from $1.60 per ton to $1.15 per ton, a reduction of 45 cents per ton. The difference between the new $1.15 per ton rate from Lone Star Spur to Houston and the new 72 cents per ton rate from Ogden to Houston is 43 cents per ton, which is exactly the difference between the general rates from the same points to Houston. Therefore, appellant can compete in the market at Houston on exactly the same spread of 43 cents per ton as it could under the general rates, which it alleged were reasonable and nondiscriminatory as to it. Having alleged that the spread of 43 cents per ton was reasonable and nondiscriminatory under the general rates, we think appellant is confronted with the inescapable fact that the spread under the new rates remains identical, and manifestly its competitive position has not become less favorable either as a matter of law or under the facts alleged as appellant's theory of its case.

By trial amendment appellant alleged that crushed limestone averaged 60 tons per car; that earnings of railroads under the Ogden 72-cent rate are 16.2 cents per car per mile; that earnings of railroads under the Lone Star Spur rate of $1.15 are 20.9 cents per car per mile; and that this shows an unreasonable discrimination. These are matters in which only the railroads are interested, and they are not complaining but are insisting that the rate order in question is just and reasonable. We are of the view, however, that the calculations by which appellant arrived at these earnings are not based upon the controlling facts. Appellant's Ogden calculations are

based upon the longest and most circuitous route to Houston, which is 266.6 miles. Ogden by the nearest route is only 194 miles from Houston; and if earnings of railroads are calculated upon the 194 miles the earnings per car per mile are 22.2 cents, which is 1.3 cents greater than the earnings per car per mile which appellant shows from Lone Star Spur by the shortest route to Houston.

 The trial court properly refused to file findings of fact and conclusions of law. Rules 296 and 299, T.R.C.P. do not require the trial court to file findings of fact and conclusions of law in cases disposed of by sustaining special exceptions to the pleadings, as was done in the instant case. The pleadings state the facts upon which the trial court ruled, and the exceptions sustained state the grounds upon which the rulings are made.

The judgment of the trial court is affirmed.

Affirmed.

## On Motion for Rehearing

By its motion for rehearing appellant contends that our opinion "is grounded upon a false premise from a factual standpoint," because we considered the relative rates which the Commission changed to be $1.17 per ton from Ogden to Houston and $1.60 per ton from Lone Star Spur to Houston, thus making the same reduction of 45 cents from each shipping point. The $1.17 per ton rate was fixed in the order attacked by appellant, which order was attached to and made a part of its pleadings by reference. The specific contention seems to be that the facts stated in the attached copy of the rate order fixing the rate of $1.17 per ton do not become a part of the petition or the allegations thereof, and that we may consider only the rate of $1.20 alleged in the face of the petition, which, under the order, would give Ogden a 48-cent reduction and Lone Star Spur only a 45-cent reduction. In support of this contention appellant cites the case of City of Paris v. Bray, 107 Tex. 188, 175 S. W. 432, 433; and Rules 45 and 59, T.R.C.P., which announce the rule that only such written instruments may "be made a part of a pleading by reference and attaching the originals or copies as constitute, in whole or in part, the cause of action sued on, or the matter pleaded in defense." This is precisely the rule we have applied in the instant case, because the rate order at-

tached to and made a part of the pleadings by reference constitutes the cause of action sued upon by appellant. The alleged invalidity of this attached order is the whole subject matter of appellant's suit. Houston Chamber of Commerce v. Railroad Commission, Tex.Civ.App., 19 S.W.2d 583, 587.

We are also of the view that the whole theory of appellant's case as plead is that only by the application of a rate of 96 cents per ton from Lone Star Spur to Houston can a proper adjustment be established, under which theory the supposed 3-cent difference becomes immaterial. We fully stated appellant's formula for recovery and contentions under this theory in our original opinion.

The motion is overruled.

Overruled.