JOSEPH B. RICHARDSON, PLAINTIFF IN ERROR, v. THE
INTERNATIONAL POTTERY COMPANY, DEFENDANT IN
ERROR.

Submitted April 5, 899—Decided June 19, 1899.

1. An offer made by one litigating party to the other is competent evidence for the latter, unless it is expressly stated that it is made without prejudice, or unless the party making it has been led to believe by the conduct of the adversary that a compromise may probably be effected.

2. A tract of land was conveyed by deed, together with the free and common use of a basin adjoining it to load and unload at all times, without let or hindrance from the grantor, his heirs or assigns forever. This was an appurtenant easement and not a mere personal privilege or license. It was an easement apparent and continuous, and passed by the deed of this grantee to his grantee, to whom he conveyed, "with the appurtenances," without specifically giving the right to use the basin.

3. Any unauthorized act by the owner of the servient tenement which tends to deprive the plaintiff of the benefit of the easement is actionable.

On error to the Supreme Court.

For the plaintiff in error, *Buchanan & Rellstab.*

For the defendant in error, *Frank S. Katzenbach, Jr.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit was instituted by the International Pottery Company against Richardson to recover damages for the alleged disturbance of an easement claimed by the pottery company in a certain basin property owned by Richardson in the city of Trenton.

Richardson is the owner of a coal and wood yard of which the said basin is a part.   The basin was formerly connected with the Delaware and Raritan canal by a passage through the canal bank.   This passage was bridged by a swinging bridge, which served as part of the towpath for the canal company.   This bridge for a long time prior to the com-

mencement of this suit became so dilapidated that it was unsafe for use, and thereupon the canal company, its owners, spiked it fast, thus cutting off all communication by water between the canal and the basin. Richardson, about a year later, cut a driveway through the bank of the basin entirely on his own property, rendering it useless to hold water, and subsequently the canal company filled in with stone and earth the passage between the canal and basin, so that there was no longer any flow of water from the canal to the basin.

This suit was then brought by the pottery company against Richardson to recover damages for the deprivation of the use of the easement in the basin.

The first assignment of error is based upon the admission by the trial justice of a letter written by the defendant to the plaintiff February 5th, 1896, containing an offer on the part of the defendant to convey to the plaintiff a certain interest in other lands, provided the plaintiff would release to defendant its claim to an easement in the basin.

*Greenl. Evid.*, § 192, states the rule applicable to this subject to be "that confidential overtures of pacification and other offers or propositions between litigating parties, expressly stated to be made without prejudice, are excluded on the grounds of public policy."

It is well settled that such admissions are competent unless it is expressly stated that they are made without prejudice, or unless the party making them has been led to believe by the conduct of the adversary that a compromise may probably be effected.

In this case the evidence was clearly competent. The letter was written before the suit was commenced and more than a year before the alleged tortious act of the defendant was committed.

The refusal of the trial justice to nonsuit the plaintiff is the second reason relied upon for reversal.

Henry McCall, Jr., acquired title in 1849 to a tract of land along the Delaware and Raritan canal, on which this basin had been constructed.

McCall, by deed dated June 30th, 1851, conveyed to Harding and Bottom, in which, after the description of the land conveyed, are the following words : "Together with the free and common use of said basin to load and unload at all times without let or hindrance from the said party of the first part, their heirs and assigns forever. Reserving, however, to the said party of the first part, their heirs and assigns forever, a perpetual right of way fifteen feet wide in the clear upon and over the top of the basin bank of the above-described premises, for horses, carts, wagons and workmen of all kinds whatsoever; and also reserving to the said party of the first part, their heirs and assigns, a like perpetual right of way fifteen feet wide along and up from Assanpink street aforesaid to the top of said basin bank, and to and over the bridge crossing the mouth of said basin by the present way or ascent leading from said street up to said bank and over said bridge."

By a writ of *fieri facias* issued upon a decree of foreclosure against said Harding and others, a part of the said premises were sold and conveyed by the sheriff to the Philadelphia Bank on the 10th of August, 1860. The decree directed that the mortgaged premises, with the appurtenances, should be sold.

In the deed from the sheriff to the bank the right to use the basin is not specifically mentioned, though the lands conveyed adjoin the basin, and the deed conveys the premises granted, " with the appurtenances."

It is insisted in the first place, on the part of the defendant, that the conveyance from McCall to Harding and Bottom did not convey an easement, but a mere personal privilege or license which was not appurtenant to the land.

It is urged, secondly, that if an appurtenant easement was granted to Harding and Bottom, it did not pass by the general term " appurtenances " in the deed of the sheriff to the bank ; and thirdly, that whatever right the plaintiff had in the easement, the enjoyment of it by him was interrupted by his own act and not by the act of the defendant.

It is so clear that it needs no discussion to establish the proposition that the deed from McCall to Harding and Bottom conveyed an easement of the right to use the basin, which was appurtenant to the premises, and that this easement was apparent and continuous and passed by the sheriff's deed to the bank, and by the subsequent conveyances to the plaintiff.

The cases are numerous and uniform to that effect. *Fetters* v. *Humphreys*, 3 *C. E. Gr.* 260; *S. C.*, 4 *Id.* 471; *Larsen* v. *Peterson*, 8 *Dick. Ch. Rep.* 88; *National Bank* v. *Segur*, 10 *Vroom* 173; *Coudert* v. *Sayre*, 1 *Dick. Ch. Rep.* 386; *Perry* v. *Pennsylvania Railroad Co.*, 26 *Vroom* 178; *Skull* v. *Glenister*, 111 *Eng. Com. L.* 81; *Burr* v. *Mills*, 21 *Wend.* 290; *Smiles* v. *Hastings*, 24 *Barb.* 44; *Underwood* v. *Carney*, 1 *Cush.* 285; *Kent* v. *Waite*, 10 *Pick.* 138; *Am. & Eng. Encycl. L.* (*2d ed.*) 405, 418.

The third contention of the defendant, that his act in cutting down the bank of the basin so that it would not hold water, was not a tort for which an action can be maintained by the plaintiff, because the bridge had been previously spiked by the canal company, is equally without support.

In the deed from McCall it is expressly provided that the easement shall be enjoyed without let or hindrance from the owners of the servient tenement.

The defendant cannot justify any act on his part which interfered substantially with the easement, or which rendered it incapable or less capable of being used at the option of the plaintiff.

The plaintiff's right to the use of the easement was not lost or extinguished; his beneficial use of it was temporarily obstructed by the fastening of the bridge. The defendant as owner of the servient tenement had no right to do any act which would render it impracticable for the plaintiff to regain the use of the basin. If the defendant's insistment in this respect is well founded, the plaintiff will be remediless. If he cannot recover in this suit because the bridge was spiked before the defendant cut away the bank of the basin, neither

can he recover if he prosecutes the canal company for shutting up the access to the canal, because by reason of the defendant's act water will not remain in the basin.

Any unauthorized act which tends to deprive the plaintiff of the benefit of the easement is actionable.

The trial justice properly directed a verdict for nominal damages.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, COLLINS, DIXON, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON, VREDENBURGH.    11.

*For reversal*—None.