ANDREW M. HENDERSON ET AL., APPELLEES, V. CITY OF SOUTH OMAHA ET AL., APPELLANTS.

| 60 | 125 |
| 61 | 269 |

FILED APRIL 4, 1900.  No. 11,264.

City of First Class: PETITION: ORDINANCE: JURISDICTIONAL PRE-REQUISITE. The presentation to the city authorities of a city of the first class having less than 25,000 inhabitants of a petition signed by persons owning a major part of the foot frontage of the lots abutting upon the portion of the street to be improved, is a jurisdictional prerequisite to authorize such city by ordinance to charge the entire cost of paving such street against property abutting thereon.

APPEAL from the district court of Douglas county. Heard below before FAWCETT, J. *Affirmed.*

*R. B. Montgomery,* for appellants:

Should the court adhere strictly to the rule laid down in *Von Steen v. City of Beatrice,* 36 Nebr., 421, and later in *Harmon v. City of Omaha,* 17 Nebr., 548, there is not foot frontage enough represented by the signers to constitute a valid petition. It would seem that the rule is rather a harsh one, especially in this case, where the greatest publicity was given to each step taken, and where, at least, a very large majority of the owners of property knew that the improvement was being made and have since derived the benefit accruing therefrom.

*A. H. Murdock* and *J. A. Beck, contra:*

In an action wherein the validity of special taxes is brought in question the record of the city council must show that all of the jurisdictional prerequisites necessary to be taken for the levy of valid taxes have been complied with. *Smith v. City of Omaha,* 49 Nebr., 883; *Liebermann v. City of Milwaukee,* 61 N. W. Rep. [Wis.], 1112; *Harmon v. City of Omaha,* 53 Nebr., 164.

SULLIVAN, J.

Appellees, who were plaintiffs below, own real estate situate in what is known as paving district number 3 of the city of South Omaha. They brought this action in the district court of Douglas county against the appellants to enjoin the collection of a special assessment made against their property to defray the cost of paving that portion of Twenty-fourth street which comprises said paving district. It is alleged in the petition, and admitted by the answer, that South Omaha, in 1891, was a city of the first class having less than twenty-five thousand inhabitants; and it is, by the evidence, conclusively shown that the ordinance creating paving district number 3, and providing that the entire cost of the improvement should be charged against the property in the district abutting said street, was passed and approved without any petition therefor having been first presented to the mayor and city council. The trial court found the issues in favor of the plaintiffs and rendered a decree in accordance with the prayer of the petition. The decision is right and must be affirmed.

The presentation to the city authorities of a petition signed by the requisite number of persons owning property in the paving district, was essential to confer jurisdiction upon such authorities to pave the street and charge the entire cost of the improvement to the abutting property. This proposition is settled by our own cases, and it is decisive of this controversy. *Von Steen v. City of Beatrice*, 36 Nebr., 421; *State v. Birkhauser*, 37 Nebr., 521; *Harmon v. City of Omaha*, 53 Nebr., 164; *Leavitt v. Bell*, 55 Nebr., 57. Since the conclusion reached upon the point considered leads to an affirmance of the judgment, an examination of other questions discussed in the briefs of counsel is unnecessary and would be unprofitable. The judgment of the district court is

AFFIRMED.