*43 Vroom.*        Paterson, &c., R. R. Co. v. Nutley.

THE PATERSON, NEWARK AND NEW YORK RAILROAD
COMPANY v. THE TOWN COUNCIL OF THE TOWN OF
NUTLEY.

Submitted December 4, 1904—Decided February 27, 1905.

1. Under section 60 of the act providing for the formation, estab-
lishment and government of towns (*Pamph. L.* 1895, *p.* 218), an
ascertainment of the amount required to be paid for land taken
and for damages caused by the laying out and opening of streets,
is a condition precedent to the passage of the ordinance for that
purpose.
2. Where the award of the commissioners of assessment fails to allow
a railroad company damages for the structural changes in its
roadbed and tracks which the opening of the street will make neces-
sary, the ordinance is invalid.

On *certiorari.*

Before Justices DIXON and SWAYZE.

For the prosecutor, *Cortlandt* and *Cortlandt Parker, Jr.*

For the defendant, *Hugh B. Reed.*

The opinion of the court was delivered by

SWAYZE, J.   The writ in this case brings up an ordinance
of the town of Nutley laying out and opening Hillside avenue,
from Vreeland avenue to Kingsland street, crossing the road-
bed and tracks of the prosecutor at grade.   The evidence
shows that the opening of this street will make it necessary
for the prosecutor to change the grade of its freight track
and yard, which are now three or four feet below the main
track, and must be brought to the same level in order to make
a proper crossing for the proposed street.   Two of the com-
missioners testified that these structural changes were not
considered by them in determining the amount of the damages
of the railroad company; the third commissioner refused to

make a positive statement on the subject. The railroad company was entitled to compensation for the cost of such structural changes. *Morris and Essex Railroad Co.* v. *Orange,* 34 *Vroom* 252.

The fact that the award was made upon an erroneous basis vitiates the whole proceeding.

By section 60 of the act providing for the formation, establishment and government of towns (*Pamph. L.* 1895, *p.* 218) (at *p.* 242), the town council is empowered to lay out and open streets and to take and appropriate the necessary lands and real estate upon making compensation to the owners. Provision for such compensation is a prerequisite to the exercise of the power. *Mulligan* v. *Perth Amboy,* 23 *Vroom* 132.

By section 61 of the act as amended in 1899 (*Pamph. L.,* *p.* 349), the town council is required, upon the presentation of the petition for the improvement, to refer it to the commissioners of assessment. The commissioners are required to appraise the value of the interest of each known owner of real estate to be taken and the damage to be done to such owner by the taking. They must also determine the probable net cost of the improvement and assess this cost upon the land to be specially benefited in proportion to the benefit to be received. They are then to report their appraisement and assessments to the council, who, upon notice to the public and the property owners, are to consider objections to the report, and are empowered to alter or amend the awards. If the council determine to make the improvement notwithstanding the objections, they are to confirm the awards and pass an ordinance ordering the improvement to be made and completed under the supervision of the commissioners of assessment. The act, however, prohibits the council from proceeding if the owners of property subject to more than two-thirds of the assessment shall remonstrate against the same being made.

These statutory provisions make it clear that the ascertainment of the probable cost of the improvement is a condition precedent to the passage of the ordinance. It is essential to

know this cost in order that the council may act intelligently upon the proposed improvement; that owners of property to be benefited may know the probable amount of the assessment upon them, and that it may be ascertained whether the owners of property subject to more than two-thirds of the assessment remonstrate against the improvement. None of these objects can be accomplished until the amount required to be paid for land taken and for damages has been ascertained upon correct legal principles. In the absence of such an award, the ordinance is invalid.

It is not necessary to consider the other question which was argued.

The ordinance must be set aside.