## WHITTAKER et al. v. CITY OF DEADWOOD et al.

Property owned by the federal government is exempt from special assessments for street improvements.

An assessment for local improvements of property of a state, county, or city is not taxation, within Const. art. 11, § 5, providing that the property of a state, county, or municipal corporation shall be exempt from taxation.

Where a city council had eight council members, and the record of a vote on a municipal improvement ordinance showed that eight members voted in favor thereof, the record was equivalent to one stating that eight members voted yea, under Rev. Pol. Code, § 1209. requiring the passage of such resolution by yea and nay vote.

Rev. Pol. Code, § 1304, authorizing assessment of cost of local improvements by the front-foot rule, is constitutional.

Under Rev. Pol. Code, § 1303, providing that whenever a city council shall deem it necessary to improve any street, alley, or highway within the city limits, for which a special assessment is to be levied, the city council shall by resolution declare such work necessary, the word "street" was used to indicate the subject of the improvement, and hence the city could not join two or more streets of unequal width in a single assessment district.

A resolution for paving a street is invalid, unless it specifies the extent of the work by showing height, width, and thickness of curbing to be set, or refers to plans and specifications therefor then on file.

Rev. Pol. Code, § 1246, provides that the city auditor shall make an estimate of the work proposed to be done by the city, and before a levy by the city council of any special tax shall report to the council a schedule of all parcels or lots of land subject to the proposed assess-

ment, and the amount of such tax or assessment which it may be necessary to levy on such lots or parcels of land. **Held**, that such requirement is mandatory, and a condition precedent to the making of a special assessment for street improvement.

(Opinion filed, Sept. 4, 1909.)

Appeal from Circuit Court, Lawrence County. Hon. WILLIAM G. RICE, Judge.

Suit by Thomas Whittaker and others against the City of Deadwood and another. Decree for defendants, and plaintiffs appeal. Reversed.

*Samuel C. Polley,* for appellants.

The statute does not authorize the city council to pass a resolution of intention to do work, the description of which is to be furnished by plans and specifications yet to be prepared by someone. Hews v. Reis, 40 Cal. 255; Schweisau v. Mahon, 60 Pac. 683-5. The council adopted the resolution to pave and curb, and delegated to the city engineer the power to specify the dimensions and the cost of the different parts of the work; and this too, at a time when the property owner was deprived of the right to enter his protest, or take any other steps to protect his property. This is an excess of the power conferred upon the council by the legislature. Holden v. City of Chicago, 50 N. E. 181; Otis v. City of Chicago, 43 N. E. 715; Cass v. People, 46 N. E. 729; People v. Hurford, 47 N. E. 368; Bay Rock Company v. Bell, 65 Pac. 266; Lambert v. Cummings, 84 Pac. 266; Schweisau v. Mahon, 60 Pac. 683; Fay v. Reid, 60 Pac. 927; Davison v. City of Chicago, 53 N. E. 367; Gardner v. City of Chicago, 79 N. E. 624; Lindblad v. Normal, 79 N. E. 675. When a municipal corporation seeks to impose upon citizens the burden of making public improvements, and to hold the property of the individual liable therefor, the statute authorizing such improvements to be made at the expense of the citizen must be strictly pursued. 2 Desty. Tax'n p. 1241; 2 Dill. Corp. Sec. 769; 1 Black Tax Titles, Sec. 612; Merritt v. Village of Portchester, 71 N. Y. 309; Hewes v. Reis, 40 Cal. 255; McLauren v. City of Grand Forks, 43 N. W. 710. The tax shall be uniform and the cost is to be uniform, and this precludes the idea of including different streets, and streets of different widths in the

same resolution or the same contract. Fay v. City of Springfield, 94 Fed. 409; Lyons v. Tonowanda, 98 Fed. 361; Loeb v. Columbia Twp., 91 Fed. 37-46; Asbury v. Roanoke, 42 L. R. A. 636; Hutchinson v. Storrie, 45 L. R. A. 289; Norwood v. Baker, 19 Sp. Ct. 187; Weed v. City of Boston, 42 L. R. A. 642; Detroit v. Chapin, 42 L. R. A. 638; Norfolk v. Young, 47 L. R. A. 574; Stewart v. Palmer, 74 N. Y. 184; Shannon v. District Court, 53 N. W. 800; Frevert v. Bayonne, 42 Atl. 773. The statute authorizing the levy of the special assessment provides a method of enforcing it, and when a statute creating a right, also provides a remedy for enforcing the right, that remedy is exclusive of all other remedies. Storms v. Stevens, 3 N. E. 401; Edgerton v. Huntington, 26 N. E. 156; City of Clinton v. Henry County, 22 S. W. 494. City of St. Louis v. Brown, 56 S. W. 298; End. Interp. St. Sec. 154. Public property cannot be assessed for the expense of constructing an improvement, or repairing a. road, or street, unless such property is made subject to assessment by statute. Elliott on Roads and Streets, Sec. 390, 403; City of Frankford v. State, 128 Ind. 438; Griswold v. Pelton, 34 Ohio St. 482; Niklaus v. Conklin, 188 Ind. 289; Louisville v. Leatherman, 35 S. W. 625; Cooley on Taxation (3d Ed.) 264, 265, 266; 2 Dill. Mun. Corp. Sec. 567-577; Freeman on Exc'ns. (2d Ed.) Sec. 126; End. Interp. St. Sec. 161-163; Boston, etc., v. Mayor, 1116 Mass. 181; 1 Kent Comm. (13th Ed.) 460.

*Norman T. Mason,* for respondent.

The class of land to be assessed for the purpose may be either determined by the legislature itself by defining a territorial district or by other designation, or it may be left by the legislature to the determination of commissioners, and may be made to consist of such land, and such only, as the commissioners shall decide to be benefited. Rolph v. City of Fargo, 7 N. D. 640; Webster v. Fargo, 82 N. W. 733; Davis v. Litchfield, 21 L. R. A. 563; Hallet v. U. S. Co., 90 Pac. 683; State v. District Court, 103 N. W. 744; Spencer v. Merchant, 125 U. S. 345. The constitutionality of the front foot rule is established and settled * * * unless the application of the rule in this case so far transcends the limits of equality and reason as to make the assessment not a tax or contribution to a common

burden, but an extortion and confiscation, a court should not de-
clare the assessment void because of inequalities in the burdens im-
posed on the abutting properties.   Hutcheson v. Storrie, 48 S. W.
788; Tripp v. Yankton, 10 S. D. 516; Winona Co. v. Watertown,
1 S. D. 47; Rolph v. Fargo, 7 U. D. 640, 76 N. W. 242; Webster
v. Fargo, 82 N. W. 732; Webster v. Fargo, 181 U. S. 394; Hutche-
son v. Storrie, 48 S. W. 789; Duncan v. Ramish, 76 Pac. 663;
Wilson v. Salem, 34 Pac. 9; King v. Portland, 38 Ore. 402.   Where
a city council or board has jurisdiction to levy a special assessment,
the decisions of such council or board on questions within their jur-
isdiction, (as to whether plaintiffs' lands are benefited, etc.) are not
open to collateral attack, and cannot be reviewed by the courts un-
less there is a finding that the council or board acted fraudulently.
Erickson v. Cass County, 92 N. W. 841; Rolph v. Fargo, 7 N. D.
640; Stanley v. Board, 121 U. S. 535; Bauman v. Ross, 167 U. S.
548; People v. Gardner, 106 N. W. 542; Henderson v. Hughes
County, 13 S. D. 589.   The same ordinance may regularly provide
for paving several streets, although one is wider than the other.
Adams County v. City of Quincy, 6 L. R. A. 157.   A single dis-
trict must be considered as an entirety; that while the cost in front
of one lot may be greater than in front of another, yet that in con-
templation of law each lot is equally benefited by the improvement,
and that it is an invalid exercise of power to assess against each
lot the actual cost of the improvement in front of that lot only.

McCOY, J.   This action involves the validity of certain special
assessments made for local improvements in paving certain streets
in the city of Deadwood.   The plaintiffs, protesting property own-
ers affected by such assessments, brought this action in the circuit
court of Lawrence county for the purpose of having set aside and
declared unlawful the said assessments, and to permanently enjoin
the city treasurer from collecting the same.   The defendants an-
swered, and a trial was had before the circuit court without a jury,
resulting in findings and judgment in favor of the defendants.
The plaintiffs, as appellants, bring the cause to this court by ap-
peal, challenging the legality of the findings and judgment of the
trial court.

It is contended by the appellants that, after the city council of the city of Deadwood had passed resolutions declaring such public improvement necessary, more than a majority of the property owners affected by such special assessment filed with the city auditor written protests against such improvement. It appears from the record that the said public improvement comprises a total frontage of 7,475 feet and that within the time prescribed by section 1303, Rev. Pol. Code, owners of 3,374 feet of the property fronting on the portions of said streets intended to be paved filed their written protests against the said improvement. The plaintiffs further contend that 774 feet of the amount of said frontage is public property not liable for such special assessment, and should not be counted in estimating a majority of the ownership of the property affected, and that, after deducting the said 774 feet frontage, the protesting plaintiffs constituted a majority of the property owners affected by such special assessment, and that by reason thereof the defendant, its city council and officers, had no authority or jurisdiction to proceed with or complete said special assessment. In this contention we are of the opinion that the plaintiffs are in error. It appears from the record that, of the said 774 feet claimed to be exempt from said special assessment, 225 feet thereof belongs to the United States, and that the remaining 549 feet belongs to the city of Deadwood, the school district of Deadwood, and Lawrence county; and, while we are of the opinion that the 225 feet owned by the United States government is exempt from said special assessment, we are also of the opinion that the property fronting on such pavement owned by Lawrence county, the school district of Deadwood, and the city of Deadwood is not exempt. A special assessment for a local improvement by a municipal corporation against the property of the county or municipality is not within the meaning of section 5, art. 11, State Const., providing that the property of the state, county, and municipal corporations, both real and personal, shall be exempt from taxation. It has been held by this court (Winona & St. P. Ry. Co. v. Watertown, 1 S. D. 46, 44 N. W. 1072) that special assessment for local street improvement is not taxation. It has been held in many other jurisdictions under similar provisions that special assessment for local improvement is

not taxation, and that such special assessment is not in conflict with a Constitution or statute exempting such property from taxation. McLean County v. Bloomington, 106 Ill. 209; Adams Co. v. Quincy, 130 Ill. 566, 22 N. E. 624, 6 L. R. A. 155, and note; Society v. Mayor, 116 Mass. 181; Sioux City v. School Dist., 55 Iowa 150, 7 N. W. 488; Edwards & Co. v. Jasper Co., 117 Iowa, 365, 90 N. W. 1006, 94 Am. St. Rep. 301; Washburn & Co. v. Minnesota, 73 Minn. 343, 76 N. W. 204; New Orleans v. Warner, 175 U. S. 140, 20 Sup. Ct. 44, 44 L. Ed. 96; Yates v. Milwaukee, 92 Wis. 352, 66 N. W. 248. In McLean County v. Bloomington, supra, it is held that the municipality was authorized to make special assessment for local improvements, without restriction to the ownership of the property to be assessed. The power conferred upon cities to make special assessments under section 1299, Rev. Pol. Code, is not restricted as to the ownership of the property against which the levy may be made.

It is further contended by the appellants that, when the resolution to declare the said public improvement necessary was before the city council, no yea and nay vote was taken upon the passage of said resolution, as required by section 1209, Rev. Pol. Code; but in this contention we are of the opinion that the appellants are in error. It appears from the record that the city auditor made the following entry in the minutes of the proceedings relative to the passage of said resolution: "Roll was called on the above resolution, with the following result: Members voting in favor of said resolution: Messrs. Fargo, Croghan, Benner, Moffitt, Schlichting, Seim, Treber, and Hogarth. The entire council being present and voting, the resolution was declared passed." It was held in the case of Milbank v. Surety Co., 21 S. D. 261, 111 N. W. 561, that a resolution with the same record thereof as in the case at bar was in substantial compliance with section 1209, Rev. Pol. Code. It appears from the record that the city of Deadwood has eight members of the council. It appears that eight members voted in favor of this resolution. That is equivalent to stating that eight members voted yea.

Plaintiffs attack the "front-foot" rule for computing the amount of the special assessment against each parcel of land as unequal

and unjust. The "front-foot" rule is estblished by the statute of this state (Rev. Pol. Code, § 1304), and the following of any other rule of computation would be invalid. Bluffton v. Miller, 33 Ind. App. 521, 70 N. E. 989. The constitutionality of the "front-foot" rule has many times been assailed in other jurisdictions, and the great weight of authority seems to be in favor of its validity. 28 Cyc. 1157. The identical statute exists in North Dakota, and was assailed in Rolph v. Fargo, 7 N. D. 640, 76 N. W. 242, 42 L. R. A. 646, and again in Webster v. Fargo, 9 N. D. 208; 82 N. W. 732, 56 L. R. A. 156, and by able and exhaustive opinions held constitutional.

Appellants further contend that the special assessment in question is void, because more than one street, and streets of different widths, were included in the resolution and in the same paving district. In this contention we are of the opinion that appellants are right. This species of special taxation, under whatever rule, is fraught with such opportunities of confiscation and inequality that justice to property owners demands that statutes on this subject should receive a strict construction, and that every statutory requirement should be strictly complied with, and construed to the end that inequalities and confiscations should be reduced to the minimum. We are of the opinion that under section 1303, Rev. Pol. Code, no authority or power is granted to include more than one street in a single pavement improvement or district. The language of the statute is: "Whenever a city council shall deem it necessary to pave * * * or otherwise improve any street, alley, or highway * * * within the city limits, for which a special assessment is to be levied, the city council shall by resolution declare such work or improvement necessary. * * *" We think the legislature used the singular "street" advisedly and intentionally, and could not have intended that two or more streets of unequal widths might be coupled together and made to constitute a single assessment district, thereby compelling the property owner of a little, narrow, cross or side street to pay a portion of the expense of paving the big, wide main street. Hutchinson v. Omaha, 52 Neb. 345, 72 N. W. 218. It appears from the record that the paved portion of West Lee street is 8 feet wide, and that the paved portion of Main

street is 43 feet wide, and that the actual cost of pavement varied from $1.60 per front foot on West Lee to $9.49 on Main; but by including all these streets together in one paving district, and dividing the total expense by the toal number of front feet on all the streets included in the district, the average cost per front foot is $7.64. A party owning a 25-foot lot facing Main street, and also abutting lengthwise 100 feet on West Lee street, would pay $955 special assessment, while his neighbor, on an inside lot, of the same size, facing on Main street, would pay $191. The party whose lot abutted lengthwise on West Lee street, would pay $604 more than the cost of the 100-feet pavement abutting on West Lee street, and which $604 would go to pay the expense of paving on Main or other wider street. We are of the opinion that the Legislature never contemplated any such inequality, and that no more than one street should be included in a single paving district. In some jurisdictions it is held that streets of different widths may be joined in one improvement district. In speaking of this rule in Illinois, the court, in Springfield v. Green, 120 Ill. 269, 11 N. E. 261, and in Wilbur v. Springfield, 123 Ill. 395, 14 N. E. 871, says: "While many streets and parts of streets are embraced in one scheme of improvement adopted in the city, yet we regard them as parts of the same improvement. The city authorities, in adopting the ordinance, must have found as a matter of fact that these streets were all similarly situated with respect to the improvement proposed, so as to justify the treatment of them as one single improvement. They were all to be paved with the same material in the same manner, and the fact that there was a difference of a few feet in the width of some of them, in our opinion, would make no difference." But if such streets were so situated as not to justify such procedure, by not being similarly situated and the difference in width being very materially different, the Illinois court does not state what the rule would be. This rule in Illinois seems to be hedged around and qualified by such conditions that would make it inapplicable to the case at bar.

It is contended further by appellants that the resolution by which the said special assessment was declared to be necessary did

not sufficiently describe the improvement of work to be done, in that it did not specify the thickness of the concrete foundation or the height of the curbing. While section 1303 does not prescribe what the form or substance of the resolution shall be, yet it seems to be generally held, in the absence of statutory requirement, that the resolution must reasonably inform the property owner that he is to be assessed, and must describe generally the nature and extent of the improvement, and the resolution may refer to plans and specifications on file. If the improvement is a sewer, the diameter should be stated ,and if a curbing, the height, length, and thickness, so that the property owner might determine for himself what the probable expense might be, in order that he might determine whether or not to enter protest against the improvement. 28 Cyc. 981; Atlanta v. Gabbett, 93 Ga. 266, 20 S. E. 306; Holden v. Chicago, 172 Ill. 263, 50 N. E. 181. Although this last case is based upon a statute of Illinois requiring that the ordinance should show the nature and description of the improvement, still this statute is the same as, and is not broader or different than, the rule in the absence of such a statute prescribing such form. We are of. the opinion that this objection to the said resolution is well taken—that a resolution of this character should specify the extent of the work or improvement, by showing height, width, and thickness, or should appropriately refer to the plans and specifications therefore then on file. The matter of the height or thickness goes to the extent of the improvement, and should be stated in the resolution.

It is next contended by the appellants that the assessments in question are void because the city auditor did not have on file an estimate of the work to be done. Section 1246, Rev. Pol. Code, provides that: "The city auditor shall make or cause to be made an estimate of the work proposed to be done by the city, * * * and before the levy by the city council of any special tax upon property in the city, of any part thereof, shall report to the city council a schedule of all parcels or lots of land which may be subject to the proposed special tax or assessment, and also the amount of such special tax or assessment which it may be necessary to levy on such lots and parcels of land." This section of our statute,

by its express terms, is a competent part of and relates to the pro-
cedure of special assessments, and should be construed in connec-
tion with all the other parts of the statute relating to that subject.
It seems to be generally held that a statutory provision of this
character is mandatory, and constitutes a condition precedent to
the making of such special assessment. 28 Cyc. 986; Hentig v.
Gilmore, 33 Kan. 234, 6 Pac. 304; Moss v. Fairbury, 66 Neb. 671,
92 N. W. 721; Pound v. Chippewa Co., 43 Wis. 63; Boonville v.
Cosgrove, 95 S. W. 314; Dallas v. Atkins, 32 S. W. 780; Ives v.
Omaha, 51 Neb. 136, 70 N. W. 961; Henderson v. Omaha, 60
Neb. 125, 82 N. W. 315; Kirksville v. Coleman, 103 Mo. App. 215,
77 S. W. 120; Paterson v. Nutley, 72 N. J. Law, 123, 59 Atl. 1032.
The plain import of the statute is that before any levy is made the
city auditor shall make a schedule showing all lots of land against
which the assessment or levy is to be made, and showing an esti-
mate of the amount which it may be necessary to assess against
each lot. This must be done while the matter is in the "proposed"
stage, and as a necessary step preceding the levy. The utility and
purpose of such schedule is obvious. It furnishes a basis for the
contract and levy, and after having been made becomes a public
record for the inspection of interested parties, that they may be in-
formed as to what is proposed to be done, what the estimated cost
of the improvement will be, and what property is proposed to be
taxed. This schedule or estimate, thus prepared by the auditor, by
the express terms of the statute must be certified under oath of the
auditor, and is the prima facie evidence of what property is liable
to the special assessment. From the record it appears that no
schedule of estimate, as required by section 1246 or otherwise, was
ever made or kept on file by the city auditor, and we are of the
opinion that without such schedule and estimate the said contract
and special assessments are absolutely void.

It is further contended by appellants that the resolution de-
claring the said pavement necessary, passed April 8, 1907, and un-
der which said contract was made and said work done, was repealed
by a subsequent resolution, passed June 3d following; but we are
inclined to the view that the subsequent resolution was intended as
supplementary or amendatory to the resolution of April 8th.

It is contended by respondents that some of the questions raised by appellants in their briefs are not sufficiently raised by proper assignment of error; and, while the assignments of error are not so specific in some particulars as they might be, yet we are of the opinion that the assignments of error are sufficient to raise all the questions passed upon by this decision.

The judgment of the circuit court is reversed, and the cause remanded, and the circuit court is hereby ordered and directed to enter judgment permanently enjoining the collection of said special assessments.