THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON AND THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ESSEX, PLAINTIFF IN ERROR, v. NEW YORK BAY RAILROAD COMPANY ET AL., DEFENDANTS IN ERROR.

Submitted December 9, 1912—Decided March 3, 1913.

1. The widening of the Newark plank road by the counties of Essex and Hudson necessitated a change in the abutments of the railroad bridge crossing the road, as well as a change in the structure of the bridge itself. *Held*, that such changes were necessary structural changes, and under the adjudication in this court in *Morris and Essex Railroad Co.* v. *Orange*, 34 *Vroom* 252, the railroads in the possession and use of the bridge were entitled to recover compensation therefor.
2. The cost of maintenance of such a bridge after its reconstruction is not within the classification of a "necessary structural change," and the direction of the trial court that allowance might be made therefor *held* erroneous.

———

On error to the Supreme Court.

For Hudson county, *John Griffin.*

For Essex county, *Benjamin F. Jones.*

For the defendants, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

MINTURN, J. The counties of Essex and Hudson, pursuant to enabling legislation passed in 1901 (*Pamph. L., p.* 292), acquired title to and possession of the Newark plank road, practically connecting the cities of Newark and Jersey City, in the respective counties. The railroad company, defendants, are in the joint use and ownership under agreements and legislative acts, of a line of railroad crossing the plank road, by means of a bridge supported by abutments from embankments upon both sides of the road.

The counties, in view of the increased necessities of public travel, found it necessary and expedient to improve and widen the road pursuant to laws of 1906 (at *p.* 57), to the length of one hundred and twenty feet, and widening it fifty-two feet, thus rendering it necessary to take a portion of defendants' right of way on either side of the road, and this incidentally requiring a corresponding change in the width or span of the bridge.

Proceedings were taken to condemn the land, and for that purpose commissioners were duly appointed. From the award of the commissioners an appeal was taken to the Circuit Court of Essex county, where the case was tried before the court and a jury, resulting in a verdict in behalf of the defendants for $28,165.20. In that amount the following items are contained:

For structural changes .............. $24,371 10
For maintenance ................... 1,500 00

The counties have taken exception to this verdict upon two grounds—*first,* they deny that the defendants are entitled to any compensation for the removal and reconstruction of the bridge; and *secondly,* they insist that the defendants are not

entitled to any compensation for maintaining the bridge thus reconstructed.

The legal right of the defendants to recover for necessary structural changes in the bridge was settled by this court in *Morris and Essex Railroad Co.* v. *Orange,* 34 *Vroom* 252.

The only question, therefore, which we are called upon to consider under this exception, is whether the changes required by the counties in the reconstruction of the bridge can be classified, in the language of Mr. Justice Depue, in that case, as "necessary structural changes."

It is quite manifest from the nature of this work of reconstruction, and from the testimony in the case upon that subject, that the removal of the existing abutments to the bridge created a hiatus, so to speak, which necessitated a reconstruction of the entire span over the plank road to an additional width of fifty-two feet.

This in turn required the construction of abutments along the new line thus created, and the fitting and reconstruction of the bridge to meet the increased strain made necessary by the lengthened span; and in fact and in effect the new order of things thus established made necessary a structural change in the bridge, to meet the exigencies of the new conditions.

We are unable to perceive how such changes can be otherwise properly classified than as necessary in operation, and as structural in character.

We think, therefore, the Circuit Court was correct in so instructing the jury, and that this item of damage was properly allowed. But regarding the remaining item of damage we entertain a different view.

The briefs of counsel do not treat of the matter to any extent, but we are unable to perceive upon principle, why the maintenance of a railroad bridge should be charged as an item of damage against the public, when it is conspicuously the fact, that the maintenance of the bridge is a necessary incident to the operation of the railroad, under any and all circumstances, and that this maintenance charge would exist if the plank road had been constructed on its present extended lines, at the time the bridge was originally constructed.

It is not perceived, therefore, in what manner this item of maintenance imposes any new or foreign burden or exaction upon the defendants. The contention reduces itself finally, to a question only of reparation of a structure which the defendants for the practical operation of the railroad would be obliged, in any event, to incur in furtherance of the proper and effectual up-keep of their property.

These views lead to a reversal of the judgment below, but since it is apparent that the rights of the parties are herein finally determined, and that no practical purposes or result can be subserved by directing a *venire de novo,* the effect of this adjudication will be to remit the record to the Essex Circuit with a direction that the judgment there be reduced by striking therefrom the item of $1,500 for maintenance.

Otherwise the judgment is affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 13.