## HALL *et al.* v. CITY OF MACON *et al.*

1. The provision of the charter of the City of Macon (Acts 1914, p. 998, sec. 24), "That every ordinance of the council . . shall, before it takes effect, be presented, certified by the clerk, to the mayor" for his

approval or his disapproval, is mandatory. The signature of the mayor is not required; but his approval, express or tacit, and in the mode pointed out by the charter, is essential to the validity of every ordinance of council. The paving ordinance of January 11, 1916, passed by the council of the City of Macon is illegal and void for non-compliance with the mandatory provision of its charter indicated above.

2. Where a municipal corporation has jurisdiction to pave its streets and to assess the cost thereof against owners of abutting property, such owner will be estopped from questioning the regularity of the proceedings of the mayor and council, if he stands by and permits the work to be done without interposing any objection.

(a) The City of Macon, under its charter (supra), has the power to acquire jurisdiction to pave its streets and to apportion and assess the the cost thereof against the owners of abutting property; but its jurisdiction for that purpose is to be acquired by the passage of a valid municipal ordinance condemning the street for paving.

(b) The paving ordinance of January 11, 1916, being invalid, the city was without jurisdiction to pave the street therein designated at the cost of owners of abutting property; and an owner of such property is not estopped to deny want of jurisdiction in the municipality, although he made no objection to the paving when it was in progress.

No. 192. FEBRUARY 22, 1918. REHEARING DENIED FEBRUARY 25, 1918.

Petition for injunction. Before Judge Mathews. Bibb superior court. January 20, 1917.

*Charles H. Hall* and *L. D. Moore,* for plaintiffs.

*W. D. McNeil, Roy W. Moore,* and *Robert G. Plunkett,* for defendants.

GEORGE, J. On January 11, 1916, the council of the City of Macon adopted an ordinance condemning New street from Cotton avenue to Mulberry street for paving. Pursuant to this ordinance, New street within the limits named was paved with concrete. After the paving was completed, the council of the City of Macon, on March 21, 1916, adopted an assessing ordinance by which the cost of this paving was apportioned and assessed against the owners of abutting property. After notice, the treasurer of the city issued executions against these owners, including the plaintiffs. The executions were placed in the hands of the marshal of the city for collection, and by him were levied upon the property of the plaintiffs, who thereupon filed their petition to enjoin the city and the marshal from enforcing the executions. An interlocutory injunction was denied. The grounds upon which the plaintiffs predicated their right to the relief prayed for were: (1) Neither the paving ordinance nor the assessing ordinance was certified and presented to the mayor of the City of Macon, as required by section 24 of

45

its charter. Acts 1914, p. 998. (2) No map of the street to be paved, as required by section 1223 of the code of ordinances of the city, was prepared by the engineer and presented to or approved by council before the work of paving the street commenced; and no resolution of council, as required by section 1224 of the code of ordinances, was adopted or published. Other grounds were relied upon, but it is unnecessary to state them here. It appeared, without dispute, that the paving and assessing ordinances were not certified and presented by the clerk to the mayor, and that a map of the street to be paved was not prepared by the city engineer, and presented to and approved by council, before the work of paving the street commenced, and that no resolution of council was adopted or published before the letting of the contract for the paving of the street. Section 1228 of the code of ordinances of the city, which provides for actual notice to the owners of abutting property, ten days before the work of paving the street commences, requiring them to make such sewer and water connections as may be designated by the city engineer, was complied with. The plaintiffs filed no protest or objection with the city or any of its officers or agents until the street had been paved, executions issued, and levies actually made upon their property.

1. The paving ordinance of January 11, 1916, was a legislative act. Charter of the City of Macon, Acts 1914, pp. 996, 1028, secs. 20, 94. The legislative power under the charter of the city is vested in a mayor and aldermen (sec. 20). The mayor has no power to vote upon any matter of legislation (sec. 30). The mayor of Macon, in so far as he is a constituent part of the legislative department of the city, is given a qualified veto power, under section 24 of the charter, which is as follows: "Every ordinance of the council, and every resolution passed by that body, shall, before it takes effect, be presented, certified by the clerk, to the mayor within two days after the passage thereof. If the mayor approve it, he shall sign it; if not, he shall return it with his objections, and file the same with the clerk within five days, Sundays excepted, after he receives it, and the council shall, at the first regular meeting thereafter when a quorum is present, order the objections to be entered at large on the minutes, and shall at said meeting take a vote on the question, 'Shall the ordinance or resolution pass notwithstanding the objections of the mayor?' If as

many as eight aldermen shall vote in the affirmative, such ordinance or resolution shall stand and become effective; otherwise, not. The ayes and nays shall in all such cases be entered on the minutes. If such ordinance or resolution shall not be returned by the mayor within five days, Sundays excepted, after he shall have received it, the same shall become effective in like manner as if he had signed it. The clerk shall endorse on each ordinance or resolution the time when presented to the mayor, and this endorsement shall be conclusive of the fact of such presentation and the time thereof."

The charter of a city is the organic law of the corporation, and "bears the same general relation to the ordinances thereof that the constitution of the State bears to its statutes." 2 Dill. Mun. Cor. (5th ed.) 904, § 575; McQuil. Mun. Ord. 21, § 15. "Constitutions do not usually undertake to prescribe mere rules of proceeding, except when such rules are looked upon as essential to the thing to be done, and they must then be regarded in the light of limitations upon the power to be exercised. It is the province of an instrument of this solemn and permanent character to establish those fundamental maxims, and fix those unvarying rules, by which all departments of government must at all times shape their conduct; and if it descends to prescribing mere rules of order in unessential matters, it is lowering the proper dignity of such an instrument and usurping the proper province of ordinary legislation." Cooley's Const. Lim. (7th ed.) 114. We think that the plain and unambiguous provision contained in section 24 of the charter of the City of Macon, that "Every ordinance of the council, and every resolution passed by that body, shall, before it takes effect, be presented, certified by the clerk, to the mayor," for his approval or disapproval, is mandatory, and can not be construed as directory only. The fact that the mayor presided over the meetings of the council at which the paving and assessing ordinances were introduced and passed, and at which the minutes in which these ordinances were set out at length were read and approved, or the fact that the mayor was familiar with the ordinances in question, tacitly approved the same, waived the formal presentation and certification by the clerk, is not a compliance with the mandatory provision of the charter. 2 Dill. Mun. Cor. (5th ed.) 578. An ordinance of a city which may deprive its citizens of

liberty or property can not depend upon so uncertain a foundation
as the mere recollection of public officials. To assume a case in
which the council asserts the validity of an ordinance, based upon
the foregoing facts and circumstances, and the mayor denies the
validity of the ordinance and disputes such facts and circumstances,
is to demonstrate the soundness of this conclusion. See *Town of
Pelham* v. *Pelham Telephone Co.,* 131 *Ga.* 325 (62 S. E. 186).
The charter of the City of Macon prescribes, and was intended to
prescribe, the mode of enacting ordinances, and must be pursued.
The mayor is not required to sign the ordinance; but before any
ordinance takes effect, it is prescribed that it shall be presented,
certified by the clerk, to the mayor. He may formally approve it
or formally disapprove it, or he may tacitly approve it by a failure
to return the ordinance within five days, Sundays excepted, "after
he shall have received it." The plain and mandatory provisions
of sec. 24, supra, were intended to guarantee the deliberate con-
sideration by the mayor of every ordinance and resolution of the
council. In Opinion of the Justices, 135 Mass. 594, construing
a provision of the constitution of Massachusetts almost precisely
similar to section 24 of the charter of the City of Macon, it is
said: "There are three methods by which a bill, after it has been
passed by a majority of both branches of the legislature, can become
a law: by the approval of the Governor, evidenced by his signature
thereto; by his retaining the bill without approval or disapproval
more than five days after it is presented to him; or by its passage
by both branches, if he returns it with his objections, by a vote of
two thirds of the members present. In no other way can it con-
stitutionally become and have the force of law." We apply this
construction to section 24 of the charter. Our attention has been
called to the case of Woodruff *v.* Stewart, 63 Ala. 206, where it was
held that the approval by the mayor of the minutes of the council,
in which the ordinance was set out at length, was a substantial
compliance with a similar charter provision. It is to be noted,
however, that the mayor in the Alabama case presided over the
meeting of council and voted for the ordinance upon its passage.
Under the charter of the City of Macon the mayor has no vote
upon any matter of legislation. It is conceded that cases in other
jurisdictions tending to sustain the contentions of the defendants

might be cited, but from what is said above we are of the opinion that the first contention made by the plaintiffs should be sustained.

2. It is earnestly insisted that the plaintiffs are estopped from questioning the validity of the paving and assessing ordinances, inasmuch as they stood by and permitted the street to be paved without interposing any objection. In this connection it is said that the City of Macon, under its charter, has full power and authority, in the discretion of the mayor and council, to pave the public streets of the city, and to apportion and assess the cost of such paving against owners of abutting property. Acts 1914, p. 981, sec. 94 (a)-(j). The charter of the city confers broad powers on the mayor and council in respect to the improvement of the streets of the city, but by its very terms it is declared that no ministerial power is given the mayor and council in this respect. A valid municipal ordinance is the foundation of its jurisdiction. The charter confers the power to acquire jurisdiction to pave its streets; but jurisdiction, in the proper sense of the term, is not vested in the mayor and council by the provisions of the charter itself. The charter is not and was not intended to be self-operating. Where necessary jurisdiction exists, or is acquired, an owner of abutting property benefited by the improvement of the street, who has knowledge of the improvement and of the charter provisions under which it was made, will not, after the completion of the improvement, be heard to object for the first time to the levy of an assessment upon his property. 4 Dill. Mun. Cor. (5th ed.) §§ 1455 et seq.; 2 Paige & Jones on Taxation, §§ 1015 et seq. The principle has been recognized in this State in *Draper* v. *Atlanta,* 126 *Ga.* 649, 653 (55 S. E. 929), where it was said: "In cases where there is jurisdiction, the property owner will be estopped from questioning the validity of the proceedings of the mayor and council, if he stands by and permits the work to be done without interposing any objection;" citing Elliott on Roads and Streets, § 589. If jurisdiction had been acquired, the doctrine of estoppel would apply with full force to the admitted failure of the mayor and council to comply with the requirements of certain general ordinances. The ordinance of January 11, 1916, was illegal and void. "All that was done under it was without authority of law, and no assessment upon adjacent property on account of the" paving of the street is collectible. *City of Atlanta* v. *Gabbett,* 93

*Ga.* 266 (20 S. E. 306); *Holliday* v. *Atlanta*, 96 *Ga.* 377 (23 S. E. 406). Upon this branch of the case, many decisions from other jurisdictions might be cited to sustain the contention of the defendants; but the former decisions of this court are controlling.

*Judgment reversed. All the Justices concur, except Fish, C. J., disqualified, and Beck, P. J., and Hill, J., who dissent.*

Beck, P. J. I dissent from the ruling that the owner of adjoining land (complainant in the petition) is not estopped from denying his liability for the assessment for the paving.

Hill, J., dissents from the first ruling in the decision.