WESTERN TOWN LOT COMPANY, Respondent v. CITY OF SALEM, SOUTH DAKOTA, et al Appellants.

(172 N. W. 503).

(File No. 4513.   Opinion filed May 13, 1919.)

1. **Municipal Corporations—Sidewalks, Enjoining Construction— Conformity to Grade, Notice to Owner—Indefinite Resolution As—Unestablished Grade, Effect.**

Under Art. 16, Ch. 14, Sec. 1308, Pol. Code 1903, providing that city council shall give notice to owners, etc., to build the walk within a time named by publishing notice to them "setting forth what work is to be done and the character of the same," and an ordinance providing that walks constructed "shall conform accurately to the grades established by the official profile of the grade of such city" and that the surface of such walk shall be floated and troweled to the exact established grade of said city; it appearing that the city profile of its grade had been lost, but that it did not show the sidewalk grade along the lot in question except at one end of proposed walk; that the only notice, if any, given of the building of the walk in question was through a council resolution directing such walk to be constructed in conformity with the ordinances of the city, and that owner construct same before a certain date named, and that Street commissioner give notice as required by law and ordinances that if walk was not built as therein required it would be built by city and cost taxed against abutting owner; **held,** that, assuming without deciding that such resolution was a notice, yet the city, before it could compel owner to construct a walk to conform to an official grade, such grade must have been previously adopted; and judgment of trial court enjoining construction of the walk was not erroneous.

2. **Statutes—Construction of Sidewalk, Property Assessment For— Statutory Provisions Concerning, Strictly Construed.**

A statute providing for construction of a municipal sidewalk and making the adjacent property liable for its cost must be strictly pursued.

Appeal from Circuit Court, McCook County. Hon. Louis L. Fleeger, Judge.

Action by Western Town Lot Company, a corporation, against the city of Salem, South Dakota, and others, to enjoin the construction of a sidewalk. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Bogue & Bogue,* and *Clarence M. Davis,* for Appellants.

*Gardner & Churchill,* and *E. H. Wilson,* for Respondent.

(1) To point one of the opinion, Respondent cited, re necessity for grade:

City of Chicago v. Edens (Ill.), 105 N. E. 730.

WHITING, J. The defendant city having entered into a contract with defendant Barnhart, under which Barnhart was about to construct a cement sidewalk along certain of plaintiff's property in such city, the cost of which walk might become a charge against such property, plaintiff brought this action to enjoin defendants from proceeding to construct such walk. An injunction pendente lite was granted. Upon trial, the court entered findings and conclusions in favor of plaintiff. Upon such findings and conclusions judgment was rendered making the injunction permanent. From such judgment and from an order denying a new trial this appeal was taken.

Rev. Codes 1903 contain two entirely separate and distinct statutory enactments purporting to be applicable to the matter of the construction of sidewalks—one of these enactments being found in article 16, c. 14, Pol. Code, the other in article 8, c. 16, of the same Code. Appellants make no claim that their proceedings complied with the provisions of article 8, c. 16, but contend that they were proceeding regularly and properly under article 16, c. 14.

The city council passed a resolution declaring the proposed cement walk to be necessary. Such resolution directed that such walk be constructed in conformity with the ordinances of the city; that the owner of the lot construct the same before a certain date named; and that the street commissioner of the city give notice, as required by law and ordinances, that, if said sidewalk was not built as required by such resolution, it would be built by the city, and the cost taxed against the abutting owner. Section 1308, art. 16, c. 14, provides, among other things, that the city council shall give notice to owners and occupants to build the walk within a time named, by publishing a notice "to said owners and occupants, setting forth what work is to be done and the character of the same." The street commissioner gave no notice. The sole notice, if any was given, was through the publication of the resolution. Such resolution was not in the form of, nor did it pretend to be, a notice.

[1] But this was not the most serious defect in the proceedings. As above noted, the notice should set forth "what work is

to be done and the character of the same." Assuming the resolution to be the notice, such resolution, among other things, directed said sidewalk to be "constructed in conformity with the ordinances of the city of Salem." One of such city's ordinances requires that "all concrete walks * * * constructed * * * shall conform accurately to the grades established by the official profile of the grade of said city," etc., and required that the surface of such a sidewalk should be "floated and trowled to the exact established grade of said city." The evidence disclosed that the city at one time had an official profile of its grades; but for years this profile had been lost. Moreover, the evidence disclosed that such profile did not show the sidewalk grade along the lot in question except at one end of the proposed walk.

[2] Appellants urge that even the fact that no sidewalk grade along this lot had ever been fixed by the "official profile" did not excuse plaintiff from constructing the walk—that all it needed to have done was to call on the city engineer to fix the grade, and that if it then built the walk on the grade so fixed by the engineer, it would have been protected even though such walk should be off the grade afterwards adopted. We are unable to agree with appellants. The city was attempting, under authority of statute, to impose upon respondent the burden of putting in this walk and to hold it and its property liable therefor. Such a statute must be strictly pursued. Mason v. City of Sioux Falls, 2 S. D. 640, 51 N. W. 770, 39 Am. St. Rep. 802. The city, before it could compel respondent to construct a sidewalk and build it to conform to an official grade, must have adopted such a grade. We are not called upon to determine what the rights of the parties would have been if, after giving a proper notice to respondent, the city had adopted a grade and advised respondent thereof in time for it to have constructed the walk within the period limited by the notice; but certainly no law required respondent to be the moving party in the establishment of such grade.

We do not feel called upon to consider other grounds presented by respondent in support of the action of the trial court.

The judgment and order appealed from are affirmed.