ECKHART et al, Appellants, v. C. H. ATKINSON PAVING
COMPANY et al, Respondents.

(191 N. W. 441.)

(File No. 5237. Opinion filed December 30, 1922.)

1. Municipal Corporations — Streets — Grading — Paving—Notice—
Erroneous Description in Notice of Proposed Improvements
Held Not Ground for Restraining Improvement.

An erroneous description in the published notice of a pro-
posed grading and paving improvement is not ground for re-
straining the improvement where the notice included a list of
the property affected and referred to and incorporated as a
part of its plans and specifications on file in the city engineer's
office, all of which clearly indicated the extent of improvement.

2. Municipal Corporations —Abandonment —Estoppel —Contract for
Improvement Held Not Abandoned, Though Delayed Three
Years.

A contract for municipal improvement held not abandoned,
though delayed for three years, where such delay was due to an
obstruction in the street, placed and remaining there with the
consent of the city, and which delay was with the consent of
the city council.

Appeal from Circuit Court, Beadle County; Hon. Alva E.
Taylor, Judge.

Suit by Michael Eckhart and others for an injunction against
the C. H. Atkinson Paving Co., the city of Huron and others.
From a judgment in favor of defendants, plaintiffs appeal. Af-
firmed.

*Null & Royhl,* of Huron, for Appellants.

*Gardner & Churchill, of Huron,* for Respondent C. H. At-
kinson Paving Co.

*Fred Duffy,* of Huron, for other Respondents.

(1) . To point one of the opinion, Appellants cited: Sears
v. Atlantic City, 118 A. S. R. 724, 64th Atl. 1062; Section 6364,
Rev. Code; Haggart v. Alton, 29 S. D. 509; Barber v. Adgerton,
125 Ind. 455; West Jersey Traction Co. v. Board, 56 N. J. L.
431, 29 Atl. 163; Sears v. Mayor, 73 N. J. L. 719, 64 Atl. 1062.

Respondent cited: Haggarth v. Alton, 38 S. D. 527; Smith
et al v. Pence, 33 S. D. 516.

(2) To point two, Appellant cited: Butler v. City of De-
troit, 5 N. W. 1078; Gilsonite Const. Co. v. Field, 157 Mo. App.

577, 138 S. W. 676; Turner v. Springfield, 117 Mo. App. 418, 867.

Respondent cited: Heman v. Gilliam (Mo.), 71 S. W. 163; Paul v. Trust Co. (Mo.), 102 S. W. 1070; City of Sedalia v. Smith (Mo.), 104 S. W. 15; Allen v. Labsap (Mo.), 87 S. W. 926; Conotice v. Smith (Mo.), 101 S. W. 61; Hill Construction Co. v. Hutchison (Mo.), 73 S. W. 318; Fitzgerald v. Walker (Ark.), 17 S. W. 702; Spaulding v. San Francisco (Cal.), 24 Pac. 600; Himmel v. Oliver, 34 Cal. 246; Daugherty v. Foley, 32 Cal. 403; Cass Farm Co. v. City of Detroit, 83 N. W. 108; O'Shonessy v. Sioux City (Ia.), 184 N. W. 728; Messer v. Marsh, 183 N. W. 602; Freese v. City of Pierre, 37 S. D. 433.

POLLEY, J. [1] This action is brought for the purpose of restraining the making of a street improvement to be paid for by local assessment, on a certain street in the city of Huron. Plaintiffs are owners of property abutting on said street, and the defendants are the contractor who has the contract for doing the work, and the city, and the members of the city commission of said city. The injunction is sought on the grounds: First, that the resolution of the necessity of the work was not sufficient to give the city commission jurisdiction to enter into the contract; and, second, that after the contract had been entered into, the same had been abandoned by the contractor before any work thereunder had been porformed.

The contract was entered into on the 7th day of July, 1919, and this action was commenced on the 9th day of September, 1922.

The portions of the resolution that are material to this examination are as follows:

"Notice of Proposed Resolution.

"To grade, pave, curb and lay gutters on Fourth street from the east line of Kansas street to the west line of Wisconsin street, in the city of Huron, S. D.

"Notice is hereby given that the proposed resolution hereto appended and published herewith, was adopted at a regular meeting of the city commission on the 4th day of March, A. D. 1919, as a proposed resolution declaring the necessity for grading, paving, curbing, and laying gutters on Fourth street from the east line of Kansas street to the west line of Wisconsin street and any

person desiring to oppose the adoption of said resolution may appear and be heard at the office of the city auditor on the 21st day of April, 1919.

"Dated at Huron, S. D., March 24th, A. D. 1919.

"J. L. Sankey, City Auditor.

"Proposed Resolution.

"Resolved that it is necessary to grade, pave, curb and lay gutters on Fourth street from the west line of Wisconsin street to the east line of Illinois street, which work will be done in accordance with plans and specifications now on file in the office of the city engineer of said city which may be inspected by any person interested therein, or affected thereby. And the same are by this reference, made a part hereof and incorporated herein.

"The lots and pracels of land abutting upon or benefited by said improvement so proposed to be built and done and which shall be assessed for the cost thereof are all located in the city of Huron, and are described as follows: to-wit."

Then follows a description by lot and block numbers of the tracts or parcels of ground abutting upon Fourth street between the east line of Kansas street and the west line of Wisconsin street.

This proposed resolution and the notice of proposed resolution above set out were published as one continuous item in the same column of the official newspaper of the city.

It will be noted that in the notice of the proposed resolution the location of the proposed improvement is twice described as on Fourth street from the east line of Kansas street to the west line of Wisconsin street, while in the first paragraph of the proposed resolution itself, the location of the improvement is described as on Fourth street from the west line of Wisconsin street to the east line of Illinois street. These descriptions are materially different, and, as we understand the record, neither description includes the other, therefore it will be difficult, if not impossible, for a property owner to know from these descriptions alone whether his property would be affected by this improvement. But in order to get at the meaning of a doubtful instrument, the entire document must be read and its various parts considered together. One or the other of the descriptions is manifestly wrong, but in order to ascertain which one is right, it is

necessary only to examine the descriptions by lot and block numbers of the property abutting upon the proposed improvement to remove any doubt as to which description is correct. But if there is still a doubt, it would be removed by examination of the plans and specifications on file in the city engineer's office which are by reference incorporated into the resolution, or to make such inquiry as would be suggested to a person of ordinary understanding as to what property would be affected by the proposed improvement.

The only purpose of publishing the resolution is to give interested parties notice of the proposed improvement, and its location, in order that they may take such steps as they deem necessary to protect their interests. This is a rule of long standing in the courts of the country and has been recognized and followed by this court. Haggart v. Alton, 38 S. D. 527, 162 N. W. 158.

[2] On the question of abandonment the facts are as follows: The contract was made on the 7th day of July, 1919, and called for the completion of the work by the 1st of November following. The work was not done in the time specified in the contract, and had not been done up to the time of the commencement of this action, though a portion of the work had been performed under an independent arrangement with the abutting property owners. Just prior to the commencement of the action, the contractor was preparing to do the balance of the work. His excuse for not having done the work when he agreed to was that, at the time specified in the contract, the street where the work was to be done was piled full of building material that was being used in the construction of a new building. This building material was placed there and remained there with the consent of the city commission, and the city commission also consented to the delay in the performance of the work on the street until said obstruction had been removed. The contractor was not released from his contract, however, and there is no evidence, other than the delay in the performance of the work, that he ever intended to abandon the contract. He filed an affidavit in which he states that he proceeded to perform the work as soon after the said obstruction was removed from the street as he was able. When it was found the work could not be performed within the time specified in the contract, the contractor secured a release from his bond to the city; but this was renewed before he proceeded to do the work.

It is alleged in the pleadings that the work can be done now at materially less cost than at the time the contract was entered into, but this allegation is not borne out by the record.

We are aware of the general rule that where a contractor has delayed for an unusual length of time in the performance of a contract of this class, that he will be deemed to have abandoned the contract. But this rule does not apply where the delay has been caused by or consented to by the city.

It is not shown that the work can be done now any cheaper than it could have been done three years ago or for any less than the amount specified in the contract. The plaintiffs do not appear to have been prejudiced by the delay, and there was no abuse of discretion by the trial court in denying the temporary injunction.

The order appealed from is affirmed.

ANDERSON, J., not sitting.

Note—Reported in 191 N. W. 441. See American Key-Numbered Digest, (1) Municipal Corporations, Key-No. 323(2), 28 Cyc. 1020; (2) Municipal Corporations, Key-No. 354, 28 Cyc. 1052-1053.