Note.—Reported in 202 N. W. 905. See, Headnote (1), American Key-Numbered Digest, Elections, Key-No. 192, 20 C. J. Sec. 196; (2) Elections, Key-No. 194(10), 20 C. J. Sec. 197; (3) Elections, Key-No. 194(3), 20 C. J. Sec. 199; (4) Elections, Key-No. 180(4), 20 C. J. Secs. 187, 199; (5) Elections, Key-No. 180(4), 20 C. J. Sec. 187; (6) and (7), Elections, Key-No. 186(4), 20 C. J. Secs. 187, 197, 199; (8) Elections, Key-No. 193.

On validity and construction of law as to marking official ballot, see note in 47 L. R. A. 806, et seq.

---

MANSFIELD, Appellant, v. CITY OF RAPID CITY et al, Respondents.

(203 N. W. 201.)

(File No. 5180.   Opinion filed March 24, 1925.)

1.  Municipal Corporations—Taxation—Special Assessments—Statute Requiring Resolution of Necessity of Improvement Must Be Strictly Complied With.

    Rev. Code 1919, Sec. 6364, requiring resolution declaring necessity of improvement under which a person may be deprived of his property by assessment, should be strictly complied with.

2.  Municipal Corporations—Local Improvements—Plan of Improvement Described in Resolution of Necessity Cannot Be Changed.

    In making of local improvements, when resolution declaring necessity has been adopted, under Rev. Code 1919, Sec. 6364,

plan of improvement as described therein cannot thereafter be changed.

3. **Municipal Corporations—Local Improvements—Resolution of Necessity of Local Improvements Must Be Strictly Followed.**

Resolution declaring necessity of local improvement provided for by Rev. Code 1919, Sec. 6364, is jurisdictional and must be strictly followed so far as extent and character of project is concerned.

4. **Municipal Corporations—Contracts—Assessment Certificates—City Commission Held Without Authority to Make Contract for Local Improvement Different from Resolution of Necessity.**

City commission who, by failure of a sufficient number of property owners to protest, acquired jurisdiction to make improvement as described in resolution of necessity under Rev. Code 1919, Sec. 6364, which improvement became an entirety, had no authority to award a contract for different project or to issue assessment certificates in payment of work so performed.

Appeal from Circuit Court, Pennington County; Hon. WALTER G. MISER, Judge.

Suit by Mary A. Mansfield against the City of Rapid City, a municipal corporation, and others. From order denying temporary injunction, plaintiff appeals. Reversed.

*Bangs & Wood* and *Turner M. Rudesill,* all of Rapid City, for Appellant.

*George Williams,* of Rapid City, for Respondents City of Rapid City, Merle McCain, City Auditor, and Claude E. Gray, Mayor of Rapid City.

*Haney, McCoy & McCoy,* of Huron, for Respondent A. Chris Jensen.

(1)   To point one of the opinion, Appellant cited: McLauren v. Grand Forks (Dak.), 43 N. W. 711; Mason v. Sioux Falls (S. D.), 51 N. W. 770; Pettigrew v. Sioux Falls (S. D.), 150 N. W. 772; Haish v. Seattle (Wash.), 38 Pac. 1132; Burns v. Casey (Cal.), 109 Pac. 94; Stockton v. Whitmore, 50 Cal. 554.

(3)   To point three, Appellant cited:   Western Town Lot Co. v. Salem (S. D.), 172 N. W. 502; Hedge v. Des Moines (Ia.), 119 N. W. 276; Murphy v. Plattsmouth (Neb.), 110 N. W. 749.

POLLEY, P. J.   During the spring of 1921, the city commission of the city of Rapid City, pursuant to a resolution theretofore

adopted, published a call for bids to pave and curb eleven blocks of West Boulevard, one of the thoroughfares of said city. Said boulevard runs north and south and 1½ blocks of the portion thereof described in the said resolution and in said call for bids lies north of the Chicago & Northwestern Railroad tracks. Only one bid was received. This bid, which was on the entire project as described in the said resolution, and the said call for bids, was accepted by the commission; but for some reason, not disclosed in the record, the contract when let was for that portion only of the work that lies south of the said railroad tracks. The work as contracted for was fully performed and accepted by the commission, and the city was about to issue assessment certificates in payment therefor when plaintiff, who had protested against the doing of said work, commenced this action to permanently enjoin the issuance of such assessment certificates and asked for a temporary injunction  The trial court denied the temporary injunction, and from the order denying the same plaintiff appeals.

Among other grounds urged for a reversal of the order appealed from, appellant contends that the city commission was without jurisdiction to enter into the contract under which the work was performed; that the improvement described in the resolution declaring the necessity of the work is an entity, a project; and that it cannot be changed after it has once been fixed by such resolution.

[1] The resolution involved in this case and the improvement to be made pursuant thereto are authorized by the provisions of section 6364, R. C. 1919. After the resolution is adopted by the commission, the same is then, in effect, submitted to the owners of the property to be affected by the making of the proposed improvement, and unless the owners of more than 65 per cent of said property file protests against the making of the improvement, the resolution becomes effective; the commission may proceed with the work and then sell the abutting property to pay for such work. It is a harsh, arbitrary statute, and one under the provisions of which a person may be deprived of his property without his consent. Such a statute should be strictly complied with. McLauren v. Grand Forks, 6 Dak. 397, 43 N. W. 710; Mason v. Sioux Falls, 2 S. D. 640, 51 N. W. 770, 89 Am. St. Rep. 802; Whittaker v.

Deadwood, 23 S. D. 538, 122 N. W. 590, 139 Am. St. Rep. 1076; Western Town Lot Co. v. Salem, 42 S. D. 9, 172 N. W. 503.

[2, 3]  A property owner cannot intelligently exercise the right to protest given him by the provisions of section 6364, unless he knows the extent and character of the improvement, and it is the office of the resolution to give him this information; but if the extent or character of the improvement may be changed after the time for protesting has elapsed, then he is in effect deprived of the very right the statute is intended to afford. It may well be, and in this case the proof shows it to be a fact, that the owners of some of the property abutting on this improvement on the south side of the railroad tracks were interested in having that portion of the improvement on the north of the tracks made and for that reason may have refrained from protesting. Again, the proof, uncontradicted, shows that because of natural conditions, that portion of the project lying to the north of the railroad tracks would cost more in proportion to the amount of frontage than that portion to the south of the railroad. When the contractor figured on the cost of the job, he undoubtedly took this feature of the project into consideration and included this excess cost in his bid. This excess was apportioned against the entire frontage and increased the cost per front foot of the work that was actually performed over what it would have been had the work to the north of the railroad not been included in the resolution and the call for bids. This, whether intentional or not, worked a fraud on the owners of the property fronting on the improvement actually made. These circumstances forcibly illustrate the rule against making changes in the work as it is described in the resolution. And there is no phase of the law relative to local improvements and special assessments that is better settled than that when the resolution declaring the necessity has been adopted, the improvement as described therein cannot thereafter be changed. The resolution is jurisdictional and must be strictly followed so far as the extent and character of the project is concerned. McBean v. Redick, 96 Cal. 191, 31 P. 7; Dougherty v. Hitchcock, 35 Cal. 512; Manley et al v. City of Marshfield, 88 Or. 482, 172 P. 488; Stockton v. Whitmore, 50 Cal. 554; Inge v. Board of Public Works, 135 Ala. 187, 33 So. 678, 93 Am. St. Rep. 20; St. John v. East St. Louis, 136 Ill. 207, 27 N. E. 543; Auditor General v. Stod-

dard, 147 Mich. 329, 110 N. W. 944; Murphy v. Plattsmouth, 78 Neb. 163, 110 N. W. 749; Hedge v. Des Moines, 141 Iowa 4, 119 N. W. 276; Bridge Co. v. Durand, 122 Wis. 85, 99 N. W. 603, 106 Am. St. Rep. 931; Atkinson v. Webster City, 177 Iowa 659, 158 N. W. 473. In many of these cases the departure from the original plan was far less than that in this case, yet the courts hold that such departures are sufficient to vitiate the proceeding and that assessment certificates could not issue. This is in harmony with what is said by this court in Mason v. City of Sioux Falls, 2 S D. 640, 51 N. W. 770, 39 Am. St. Rep. 802. But in that case it was held that the change was so slight that it could not materially change the cost of the improvement, and, had it been made within the time allowed for protesting, would not have changed the course adopted by the property owners. There was no evidence to show the extent of the change or whether it increased or diminished the cost of the improvement.

[4] By the adoption of the resolution, and the failure of a sufficient number of the property owners to protest, the commission acquired jurisdiction to proceed and make the improvement as described in the resolution; but the improvement so described became an entirety, a fixed project, and the commission had no authority to change the same nor to award a contract for a project of greater or less extent. Therefore the contract that was awarded was void, and the commission is without authority to issue assessment certificates in payment for the work so performed.

The order appealed from is reversed.

W. N. SKINNER, Circuit Judge, sitting in lieu of ANDERSON, J., disqualified.

Note.—Reported in 203 N. W. 201. See, Headnote (1), American Key-Numbered Digest, Municipal corporations, Key-No. 293(3), 28 Cyc. 973; Headnotes (2), (3) and (4), Municipal corporations, Key-No. 340, 28 Cyc. 1036.